Peter BUSH et al.

v.

NATIONWIDE MUTUAL INSURANCE CO.

No. 80–119–Appeal.

Supreme Court of Rhode Island.

July 30, 1982.

Resmini, Fornaro, Colagiovanni & Angell, Ronald J. Resmini, Providence, for plaintiffs.

Carroll, McHugh & Pirraglia, John G. Carroll, Douglas H. Smith, Providence, for defendant.

OPINION

BEVILACQUA, Chief Justice.

This is a consolidated appeal from a Superior Court justice's denial of a request to enjoin an arbitration proceeding and the

subsequent denial of a petition to vacate an arbitrator's award brought under G.L.1956 (1969 Reenactment) § 10–3–12(d).[1] The pertinent facts are as follows.

On June 29, 1978, in Providence, Rhode Island, an uninsured motorist struck the vehicle in which plaintiffs Peter Bush and James DeSomma were riding. At the time of the collision, there was an insurance policy in effect between defendant Nationwide Mutual Insurance Company and Bush's wife, Nancy Gamba, for a different vehicle. The plaintiffs sought recovery under the uninsured-motorist provisions of that policy. The policy provided in part that

"[i]n any uninsured motorists claim, we will jointly determine with the insured or his legal representative whether there is legal right to recover damages, and if so in what amount. *If agreement cannot be reached with regard to liability or amount of damages, the matter will be decided by arbitration.* Any judgment against the insured of liability or amount of damages will be binding only if it was obtained with our written consent.

" * * *

"If we and the insured do not agree about the insured's right to recover damages or the amount of damages, the following arbitration procedure will be used [arbitration procedure follows]." (Emphasis added.)

When the parties could not agree upon plaintiffs' right to recover under the terms of the policy, plaintiffs filed a demand for arbitration pursuant to the policy provisions.

Initial arbitration hearings were held on March 23, 1979, and on April 26, 1979. Although no transcripts of these hearings were made, the parties apparently discussed the issues that were to be arbitrated. The plaintiffs have conceded that at both hearings defendant raised the issue of whether

the vehicle in which plaintiffs were riding at the time of the accident was covered under the terms of the policy. On May 23, 1979, another hearing convened, at which hearing the attorney for plaintiffs contended (apparently for the first time) that under the terms of the policy's arbitration clause, the arbitrator had the authority to consider only questions concerning plaintiffs' liability for the collision and the amount of damages arising from the collision, not questions relating to coverage under the policy. This argument was repeated at the next hearing, which occurred on July 19, 1979. At the later hearing, the arbitrator decided to continue arbitration in order to allow plaintiffs' attorney to introduce further evidence on the issues raised.

On September 28, 1979, plaintiffs filed an amended complaint in Superior Court, in which complaint plaintiffs sought injunctive relief in the form of a stay of the arbitration proceedings until the Superior Court could render a declaratory judgment deciding the issue of whether the arbitrator could decide any questions aside from liability and the amount of damages. The request for a stay was denied, from which denial plaintiffs filed a notice of appeal to this court. The trial justice also declined to stay the arbitration proceedings pending the appeal of his order denying injunctive relief and ordered that arbitration might continue.

On December 11, 1979, the arbitrator issued a decision in which he found that the vehicle in which plaintiffs were riding was not covered under the uninsured-motorist provisions of the policy.[2] Consequently, the arbitrator ruled, he was "without jurisdiction to make an award in this matter." The plaintiffs thereupon petitioned the Superior Court to vacate the arbitrator's award on the ground that the arbitrator exceeded his powers.

---

1. General Laws 1956 (1969 Reenactment) § 10–3–12(d) provides that a court must issue an order vacating an arbitration award "[w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made."

2. The arbitrator found that no coverage existed because at the time of the accident plaintiffs were not occupying the insured vehicle but rather were in a three-wheeled motor vehicle. Under the terms of the policy only four-wheeled vehicles are covered.

In denying the petition, the trial justice ruled that plaintiffs' initial acquiescence to defendant's insistence that the coverage issue was arbitrable resulted in a waiver of the question of whether the arbitrator could rule on that issue. Consequently, the trial justice held, the arbitrator's decision that there was no coverage was proper. From the denial of this petition, as well as from the earlier denial of their request for an injunction against further arbitration, plaintiffs have appealed.

We initially consider whether plaintiffs have waived their right to contest the arbitrability of the issue of policy coverage. This court has ruled that a party is not barred from obtaining judicial review of the question of the arbitrability of a dispute so long as the party stated its objection to the arbitrability of the grievance at the arbitration hearing. *Providence Teachers' Union Local 958—American Federation of Teachers v. Providence School Committee*, R.I., 433 A.2d 202, 204 (1981). In the instant case, although plaintiffs' attorney apparently did not voice his objection to the arbitrability of the issue of coverage at the preliminary arbitration hearings, he so objected repeatedly thereafter and timely sought a stay of arbitration pending a judicial resolution of the question. Under such circumstances, plaintiffs cannot be deemed to have waived their right to a judicial determination of the arbitrability of the coverage issue.

We now turn to the question of whether the issue of coverage should be resolved by the arbitrator or by the trial court. The answer to this question depends upon the meaning given to the arbitration clause contained in the policy. That clause provides that "[i]n any uninsured motorist claim * * * [i]f agreement cannot be reached *with regard to liability or amount of damages*, the matter will be decided by arbitration." (Emphasis added.)

This court has not previously ruled on the scope of an arbitration clause contained in the uninsured-motorist provisions of an insurance policy. *See Dutson v. Nationwide Mutual Insurance Co.*, 119 R.I. 801, 806 n.3, 383 A.2d 597, 600 n.3 (1978). In determining that scope, we are bound by certain well-established principles of law.

An insurance policy is a contract between insurer and insured. It is essentially a contract of adhesion. *Pacheco v. Nationwide Mutual Insurance Co.*, 114 R.I. 575, 337 A.2d 240 (1975). Accordingly, if the language employed in the policy is ambiguous or susceptible of one or more reasonable interpretations, it will be construed in favor of the insured. *Goucher v. John Hancock Mutual Life Insurance Co.*, 113 R.I. 672, 324 A.2d 657 (1974). Nevertheless, before we can construe the provisions of the policy, the court must find it to be ambiguous. In order to determine whether or not ambiguity exists, the policy must be considered in its entirety. *Hughes v. American Universal Insurance Co.*, R.I., 423 A.2d 1171 (1980). A court should not, through an effort to seek out ambiguity when there is none, make either party assume a liability not imposed by the policy. *McGowan v. Connecticut General Life Insurance Co.*, 110 R.I. 17, 289 A.2d 428 (1972). When the terms are clear and unambiguous, they must be applied as written and be given their plain, ordinary meaning. *Hughes v. American Universal Insurance Co., supra.*

No one is under a duty to arbitrate unless with clear language he has agreed to do so. Similarly, a party is bound only to arbitrate those issues that he has consented to arbitrate. The arbitrator's authority, therefore, is limited by whatever conditions or terms have been mutually agreed upon; any action taken beyond that authority is subject to challenge. *Mobil Oil Corp. v. Local 8–766, Oil, Chemical & Atomic Workers International Union*, 600 F.2d 322 (1st Cir. 1979); *Grover v. Universal Underwriters Insurance Co.*, 80 N.J. 221, 403 A.2d 448 (1979); *County of Sullivan v. Edward L. Nezelek, Inc.*, 42 N.Y.2d 123, 366 N.E.2d 72, 397 N.Y.S.2d 371 (1977).

We believe that the terms of the arbitration clause now before us are clear and unambiguous. The agreement to arbitrate does not cover all disputes between

insured and insurer but rather refers only to two issues: the insured's liability for the accident and the amount of damages flowing from such liability. There is no language in either the arbitration provisions or the policy as a whole which can be read as an agreement to submit to arbitration issues regarding policy coverage. In the absence of such an agreement, we shall not read one into the policy. We therefore hold that the arbitration agreement contained in the policy before us is limited to the issues of fault and the amount of damages recoverable. All other issues are for determination by the court. Accordingly, the arbitrator was without jurisdiction to decide the question of coverage in this case. Cf. *International Service Insurance Co. v. Ross*, 169 Colo. 451, 457 P.2d 917 (1969); *Flood v. Country Mutual Insurance Co.*, 41 Ill.2d 91, 242 N.E.2d 149 (1968); *Liddy v. Companion Insurance Co.*, 390 N.E.2d 1022 (Ind.App. 1979); *Rosenbaum v. American Surety Co. of New York*, 11 N.Y.2d 310, 183 N.E.2d 667, 229 N.Y.S.2d 375 (1962) (all construing arbitration clauses in insurance policies to include only the issues of liability and damages); *see generally* A. Widiss, *A Guide to Uninsured Motorist Coverage* §§ 6.20–.25 (1969 & Supp.1981); Annot., 29 A.L.R.3d 328 (1970). Although several courts have construed arbitration clauses in insurance policies to include issues other than liability and damages, we believe that those decisions can be distinguished on the basis that the arbitration clauses interpreted therein were at least arguably ambiguous in regard to whether the parties intended other issues to be arbitrated. *See, e.g., Orpustan v. State Farm Mutual Auto Insurance Co.*, 7 Cal.3d 988, 500 P.2d 1119, 103 Cal.Rptr. 919 (1972); *Fawver v. Allstate Insurance Co.*, 267 Or. 292, 516 P.2d 743 (1973); *Allstate Insurance Co. v. McMonagle*, 449 Pa. 362, 296 A.2d 738 (1972). As we have stated, the arbitration clause before us cannot be so regarded.

The plaintiffs' appeal is sustained, the judgment is reversed, and the case is remanded to the Superior Court.