## AETNA CASUALTY & SURETY COMPANY

v.

## Debra VIERRA.

### No. 91–514–Appeal.

Supreme Court of Rhode Island.

Jan. 27, 1993.

Michael Sarli, Gidley, Lovegreen & Sarli, Providence, for plaintiff.

Annette B. Elseth, Providence, for defendant.

## OPINION

MURRAY, Justice.

This case comes before us on appeal by the plaintiff, Aetna Casualty & Surety Company (Aetna), from an order of a trial justice granting the motion for summary judgment of the defendant, Debra Vierra, and denying Aetna's cross-motion for summary judgment. We affirm.

The facts and procedural history of this case are as follows. On or about December 11, 1987, defendant was employed as a police officer by the Tiverton police department. On that date defendant responded to a call to go to an accident scene where an automobile had driven off the road and into a ditch. While defendant was directing traffic at this accident scene, James Mello (Mello), an uninsured motorist,

struck and injured defendant with his automobile.

At the time of defendant's injury, Aetna provided defendant with uninsured-motorist insurance. The insurance policy covering defendant stated in pertinent part:

> "Part C—Uninsured Motorist Coverage—We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person and caused by an accident."

The defendant filed a claim with Aetna for uninsured-motorist coverage pursuant to this contractual provision and Rhode Island's Uninsured Motorist Act, G.L.1956 (1979 Reenactment) § 27–7–2.1, as amended by P.L.1987, ch. 435, § 1. Aetna refused defendant's claim and then petitioned for a declaratory judgment, requesting that the Superior Court declare the rights, obligations, and duties of the parties. Aetna then filed a motion for summary judgment, arguing that the "firefighter's rule" precludes defendant from recovering from the at-fault tortfeasor, Mello, because defendant assumed the risk of injury by virtue of her employment as a police officer. Aetna maintains that since defendant was not "legally entitled" to recover from Mello, defendant could not recover from Aetna under the uninsured-motorist provision of her insurance policy and § 27–7–2.1.

The defendant police officer filed a cross-motion for summary judgment. On appeal defendant contends that in Rhode Island the firefighter's rule does not extend to police officers and that, therefore, police officers are free to sue tortfeasors who injure them in the course of their employment. The defendant also maintains that even if the firefighter's rule does extend to police officers, the rule does not shield from liability an independent tortfeasor who did not cause the accident which created the need for the police officer's services.

The trial justice held a hearing on these issues on September 10, 1991. After hearing the arguments of counsel, the trial justice denied Aetna's motion for summary judgment and granted defendant's cross-motion for summary judgment.

In reviewing a decision of a trial justice to grant a motion for summary judgment, this court applies the same standard as the lower court. We review the pleadings, affidavits, admissions, answers to interrogatories, and other appropriate evidence in the light most favorable to the nonmoving party. *Hodge v. Osteopathic General Hospital of Rhode Island,* 107 R.I. 135, 142, 265 A.2d 733, 737 (1970). If this review reveals no issues of material fact, we then determine whether the moving party is entitled to judgment as a matter of law. *Id.* at 142, 265 A.2d at 737–38. In this case, neither party disputes the material facts set forth in this opinion. Moreover we believe the trial justice correctly concluded that defendant was entitled to judgment as a matter of law.

## I

We begin with a review of the firefighter's rule. Stated briefly, the firefighter's rule precludes a firefighter from recovering from "one whose negligence causes or contributes to the fire that in turn causes injury or death to the firefighter." *Mignone v. Fieldcrest Mills,* 556 A.2d 35, 37 (R.I.1989) (citing *Buchanan v. Prickett & Son Inc.,* 203 Neb. 684, 687, 279 N.W.2d 855, 858 (1979)). This rule of law is almost universally accepted across the nation. *See, e.g., Mignone,* 556 A.2d at 37; *Roberts v. Rosenblatt,* 146 Conn. 110, 113, 148 A.2d 142, 144 (1959); *Wilson v. Florida Processing Co.,* 368 So.2d 609, 610 (Fla. Dist. Ct. App.1979); *England v. Tasker,* 129 N.H. 467, 468, 529 A.2d 938, 939 (1987).

Historically the firefighter's rule originated as a corollary to the law regarding landowner liability. *Mignone,* 556 A.2d at 37. Rhode Island courts, like many other courts, adhered to the common-law rule that the classification of the entrant onto property determined the degree of care owed by the landowner. *See Mariorenzi v. Joseph DiPonte, Inc.,* 114 R.I. 294, 299, 333 A.2d 127, 129 (1975). Prior to our decision in *Mariorenzi,* this court classified firefighters and police officers as licensees to

whom landowners owed only a limited duty "of not knowingly letting them run upon a hidden peril or not willfully causing him or her harm." *Mignone*, 556 A.2d at 37 (citing *Cook v. Demetrakas*, 108 R.I. 397, 402, 275 A.2d 919, 922 (1971) (stating that police officers were licensees); *Beehler v. Daniels, Cornell & Co.*, 18 R.I. 563, 564, 29 A. 6, 6 (1894) (stating that firefighters were licensees)). Although our decision in *Mariorenzi*, 114 R.I. at 307, 333 A.2d at 133, destroyed these artificial classifications, the rule of law limiting the duty owed by tortfeasors to firefighters survived. *Mignone*, 556 A.2d at 38.

As we explained in our opinion in *Mignone*, there are two rationales which continue to breath life into the firefighter's rule. *Id.* at 38–39. The first is the doctrine of "primary" assumption of the risk. Pursuant to this doctrine, "firefighters, as a matter of law, assume all normal risks inherent in their duties when they accept their positions as firefighters." *Id.* at 39. *See England v. Tasker*, 129 N.H. at 470, 529 A.2d at 940. Primary assumption of the risk differs from "secondary" assumption of the risk in that secondary assumption of the risk is an affirmative defense which requires an individual knowingly to accept the risks posed by a dangerous activity. *Mignone*, 556 A.2d at 38 (citing *Kennedy v. Providence Hockey Club, Inc.*, 119 R.I. 70, 76, 376 A.2d 329, 333 (1977)). In contrast, primary assumption of the risk is assumption of the risk by operation of law. Since the public employs police officers and firefighters for the specific purpose of having them assist people in dangerous situations, these officials by law assume the normal risks which arise in the course of their employment. *Mignone*, 556 A.2d at 38.

This assumption-of-the-risk underpinning to the firefighter's rule is also the source of an important limitation to the rule. Rhode Island law does not require firefighters and police officers to assume every possible risk which they may confront in their work. Firefighters and police officers only assume those risks which are known or can reasonably be anticipated to arise in the dangerous situation which their employment requires them to encounter. *Id. See also Lipson v. Superior Court of Orange County*, 31 Cal.3d 362, 369, 644 P.2d 822, 827–28, 182 Cal.Rptr. 629, 634–35 (1982) (stating that a firefighter only assumes those risks which can reasonably be anticipated at the site of a fire).

The second rationale which supports the firefighter's rule is what this opinion shall term the "fundamental concepts of justice" rationale. *Mignone*, 556 A.2d at 39. Under this view the public compensates police officers and firefighters for confronting crises, and these officials cannot complain about the negligence which creates the very need for their employment. *Id.* We agree with Justice Clifford of the New Jersey Supreme Court who wrote:

> "[A]s with the homeowner who hires a contractor to repair a weakened roof, the taxpayer who pays the fire and police departments to confront the risks occasioned by his own future acts of negligence does not expect to pay again when the officer is injured while exposed to those risks. Otherwise, individual citizens would compensate police officers twice: once for risking injury, once for sustaining it. * * * Of course, negligently-created risks that did not create the occasion for the firefighter's presence will give rise to a cause of action against the homeowner." *Berko v. Freda*, 93 N.J. 81, 88, 459 A.2d 663, 666 (1983) (citing *Krauth v. Geller*, 31 N.J. 270, 157 A.2d 129 (1960)).

Like the assumption-of-the-risk underpinning to the firefighter's rule, this fundamental-concepts-of-justice rationale is also the source of an important qualification to the rule. Only those negligent victims who occasion the presence of firefighters or police officers can shield themselves from liability. The injustice arises when a police officer or firefighter seeks to recover from the individual who created the need for his or her employment, not in situations in which a tortfeasor by way of a subsequent and independent act of negligence injures one of these officials. *Mignone*, 556 A.2d at 39; *Lipson*, 31 Cal.3d at 369, 644 P.2d at

826, 182 Cal.Rptr. at 633. *See Johnson v. Teal,* 769 F.Supp. 947, 950 (E.D.Va.1991).

■ In Rhode Island, therefore, a tortfeasor seeking to invoke the firefighter's rule must demonstrate (1) that the tortfeasor injured the police officer or firefighter in the course of his or her employment, (2) that the risk the tortfeasor created was the type of risk that one could reasonably anticipate would arise in the dangerous situation which their employment requires them to encounter, and (3) that the tortfeasor is the individual who created the dangerous situation which brought the police officer or firefighter to the crime scene, accident scene, or fire. Having outlined the parameters of Rhode Island's firefighter's rule, we now turn to the arguments of counsel.

## II

■ As a threshold matter defendant claims that in Rhode Island the firefighter's rule does not extend to police officers. The defendant correctly states that the only case which expressly deals with the limited duty owed to police officers is *Cook v. Demetrakas,* 108 R.I. 397, 275 A.2d 919 (1971), which was a landowner liability case. The defendant reasons that because we abolished the common-law-entrant classifications, we also abolished the police officer's rule. *See Mariorenzi,* 114 R.I. at 307, 333 A.2d at 133.

We disagree. In dicta in our opinion in *Mignone* we indicated that the police officer's rule survived our abolition of entrant classifications. *Mignone,* 556 A.2d at 37 n. 1 (stating that when applying the firefighter's rule to police officers, Rhode Island courts should refer to it as the "police officer's rule"). In addition the same rationales which support the firefighter's rule also support the application of the rule to police officers. By becoming police officers, these individuals assume the risks inherent in their employment. The public also pays police officers, like firefighters, to come to the rescue of needy and/or negligent victims. We therefore extend the firefighter's rule to police officers and thereby join a great number of jurisdictions which have already adopted this rule of law. *See, e.g., Garcia v. City of South*

*Tucson,* 131 Ariz. 315, 318, 640 P.2d 1117, 1120 (1981); *Whitten v. Miami–Dade Water & Sewer Auth.,* 357 So.2d 430, 431 (Fla.Dist.App.Ct.1978); *Hannah v. Jensen,* 298 N.W.2d 52, 55 (Minn.1980); *Steelman v. Lind,* 97 Nev. 425, 427, 634 P.2d 666, 667 (1981); *England v. Tasker,* 129 N.H. at 469, 529 A.2d at 939; *Berko v. Freda,* 93 N.J. at 86–87, 459 A.2d at 666.

■ We now address the issue of whether Aetna can invoke the police officer's rule in this case. As the statement of the facts indicates, Mello injured defendant while defendant was directing traffic at the scene of an accident. We agree with Aetna that this case satisfies two of the requirements for the invocation of the police officer's rule. The defendant certainly acted within the scope of her employment as a police officer when she stood in the road, directing traffic. Moreover, being struck by an automobile is a risk that one could reasonably anticipate would arise while an officer directs traffic. The problem for Aetna is that nothing in this case indicates that Mello's conduct created the need for defendant's services. As noted earlier, only tortfeasors who occasion a police officer's presence can invoke the police officer's rule and shield themselves from liability. *Mignone,* 556 A.2d at 39. In this case, Mello was an independent tortfeasor who did not cause the accident that brought defendant to the scene and, as a result, Mello falls outside the scope of the rule.

In arguing for a contrary result, Aetna urges this court to cut out the portion of the police officer's rule which limits its applicability to a tortfeasor whose negligence creates the need for the officer's services. Aetna argues that the assumption-of-the-risk rationale is the principal reason for the rule's existence. According to Aetna, when a police officer accepts the terms of his or her employment, that officer assumes the risk of being injured by a negligent motorist while directing traffic. It does not matter if the tortfeasor is the one who caused the accident which brought the officer to the scene. Nor does it matter if the tortfeasor is the one who injured

the officer through an independent act of negligence. In either instance the police officer assumed the risk of injury, and, Aetna argues, the police officer's rule should bar defendant's claim for damages.

If assumption of the risk were the only underpinning to the police officer's rule, Aetna would be correct. But assumption of the risk is not the only policy at work here. When this court applies the police officer's rule, we extinguish an individual's right to pursue an otherwise valid cause of action. In light of this onerous result, a great many courts have limited the scope of the rule to precise fact situations. *See, e.g., Johnson v. Teal*, 769 F.Supp. at 950; *Pottebaum v. Hinds*, 347 N.W.2d 642, 645 (Iowa 1984); *Berko v. Freda*, 93 N.J. at 88, 459 A.2d at 666. The police officer's rule only seeks to eliminate the injustice which arises when an officer sues the individual whose conduct gave rise to the very need for his or her services. *Mignone*, 556 A.2d at 39. We believe this is a sound rule of law and conclude that the police officer's rule does not apply to Mello, the independent tortfeasor who injured defendant in this case.

■ The final issue we address is whether the defendant is free to pursue uninsured-motorist claims against Aetna. Both the Rhode Island Uninsured Motorist Act, specifically § 27–7–2.1, and the pertinent provision of the defendant's insurance policy require that the defendant be legally entitled to recover from the at-fault tortfeasor before pursuing a claim against Aetna. We have already concluded that the police officer's rule does not prevent the defendant from recovering from Mello. The defendant is, therefore, legally entitled to recover from the at-fault tortfeasor, and the defendant may claim uninsured-motorist benefits from Aetna.

For the foregoing reasons we deny and dismiss the plaintiff's appeal and affirm the judgment of the Superior Court.