**AMICA MUTUAL INSURANCE COMPANY**

v.

**William BALDASSARE.**

**No. 92–519–M.P.**

Supreme Court of Rhode Island.

May 6, 1993.

Thomas R. Bender, Robert Parrillo, Hanson, Curran, Parks & Whitman, Providence, for plaintiff.

Joseph S. Votta, Jr., Votta & Votta Law Offices, Providence, for defendant.

## OPINION

WEISBERGER, Justice.

This case comes before us on a petition for certiorari filed by AMICA Mutual Insurance Company (AMICA) to review a decision by a justice of the Superior Court denying its motion to stay arbitration proceedings and further ordering that AMICA pay all the arbitrators' fees. We quash the decision and order. The facts insofar as they are pertinent to this appeal are as follows.

The respondent, William Baldassare (William), was injured in a motor-vehicle collision on August 31, 1991. He sought uninsured-motorist benefits from AMICA. He claimed to be an "insured" under a policy issued by AMICA to his father, Domenic Baldassare. It is undisputed that William was a resident in his father's home at the time of the issuance of the policy. However, AMICA asserts on the basis of a statement given by William that he moved out of his father's house at the end of June 1991 and changed his residence to 93 Waldren Avenue in Cranston, Rhode Island. The father's residence is in Lincoln, Rhode Island.

The policy defines an "insured person" as the "named insured" or "any family member." A family member is "a person related to you [the named insured] by blood, marriage or adoption who is a resident of your household."

The uninsured-motorist section of the policy also provides for arbitration in the following terms:

"If we and an 'insured' do not agree: (1) Whether that person is legally entitled to recover damages under this Part; or (2) As to the amount of damages; either party may make a written demand for arbitration * * * ."

William claims to be an insured under his father's policy and to have been a resident of his father's household at the time of the accident. AMICA disputes this claim and asserts that William was not a resident of his father's household at the time of the accident on August 31, 1991. Prior to the making of a demand for arbitration by William, AMICA brought an action for declaratory judgment in the Superior Court in order to determine whether William was an insured under the terms of the policy. AMICA perceives this issue to be one of coverage as opposed to the arbitrable issues of liability and damages pursuant to the uninsured-motorist section of the father's policy. William argues that he is entitled to coverage as an insured under the uninsured-motorist provisions of his father's policy.

AMICA moved for a stay of arbitration in the Superior Court pending resolution of the question of William's residency. William objected, and a justice of the Superior Court denied the stay and suggested that AMICA, in seeking the stay, had demonstrated bad faith. He then ordered that AMICA pay the full cost of the arbitration as a sanction.

This petition for certiorari raises two issues. One, whether AMICA has agreed in its policy to arbitrate the question of coverage. Two, whether William's residence at the time of the accident constitutes a coverage question. In regard to both of these issues, we believe that two of our prior cases are conclusive.

In *Bush v. Nationwide Mutual Insurance Co.*, 448 A.2d 782 (R.I.1982), we stated unequivocally that "[n]o one is under a duty to arbitrate unless with clear language he has agreed to do so. Similar-

ly, a party is bound only to arbitrate those issues that he has consented to arbitrate." *Id.* at 784. We went on to consider the arbitration clause in an uninsured-motorist section of a policy issued by Nationwide. In respect to this arbitration clause we made the following comments:

"We believe that the terms of the arbitration clause now before us are clear and unambiguous. The agreement to arbitrate does not cover all disputes between insured and insurer but rather refers only to two issues: the insured's liability for the accident and the amount of damages flowing from such liability. There is no language in either the arbitration provisions or the policy as a whole which can be read as an agreement to submit to arbitration issues regarding policy coverage. In the absence of such an agreement, we shall not read one into the policy. We therefore hold that the arbitration agreement contained in the policy before us is limited to the issues of fault and the amount of damages recoverable. All other issues are for determination by the court." *Id.* at 784–85.

A similar issue was more recently raised in *Balian v. Allstate Insurance Co.*, 610 A.2d 546 (R.I.1992). In that case we again considered an arbitration clause in an uninsured-motorist section of the policy. That clause provided for arbitration in the following language: *"[t]he right to benefits and the amount payable* will be decided by agreement between the insured person and Allstate. If an agreement can't be reached, the decision will be made by arbitration." 610 A.2d at 548. The policy went on to provide that "[i]f the insured person or we [Allstate] don't agree on that person's *right to receive any damages or the amount* * * * the disagreement will be settled by arbitration." 610 A.2d at 548.

We construed that language in *Bush* to provide for arbitration only on the issues of fault and damages. We further stated that under such a provision "the question of coverage is one reserved exclusively for a court." *Id.* at 549.

Comparing the arbitration provisions set forth in *Bush* and *Balian,* we are of the opinion that they are substantially similar to the provision in the case at bar. Arbitration is provided in the event of disagreement in respect to liability and damages. There is no agreement to submit coverage questions to arbitration.

■ We conclude that the determination of whether William is an insured within the provisions of the policy and the subsidiary question of whether he was a resident in his father's household at the time of the accident are coverage questions that should be reserved for the court in an appropriate action for declaratory judgment. The trial justice erred in holding that this issue should be submitted to arbitration.

For the reasons stated, the petition for certiorari is granted. The decision and order of the Superior Court denying the request for stay of arbitration is hereby quashed. The papers in the case may be remanded to the Superior Court with our decision endorsed thereon and with direction to enter an order staying arbitration until the coverage issue is resolved by the Superior Court in the action for declaratory judgment earlier filed by AMICA.