[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is the plaintiffs' motion for summary judgment. The pertinent facts are as follows.
On or about February 9, 1993 plaintiffs and defendant executed a sales agreement and deposit receipt ("agreement"). The agreement called for the sale by defendant, to the plaintiffs, of real estate situated at 271 Skunk Hill Road, Exeter, Rhode Island. The agreed upon purchase price was $100,000.00. The agreement provided that plaintiffs satisfy certain requirements prior to closing, said closing to be held prior to or on June 1, 1993. It is undisputed that plaintiffs met all of the prerequisites set forth in the agreement. It is further undisputed that plaintiffs were and are ready, willing, and able to perform under the agreement. Despite the plaintiffs' posture, the defendant failed to schedule a closing. Subsequent to denying the plaintiffs a closing date, the defendant has taken the position that the agreement is no longer valid. Plaintiffs now seek specific performance pursuant to the agreement, and expenses related to the cost of suit.
Summary judgment is a drastic remedy and must therefore be cautiously applied. Rustigian v. Celona, 478 A.2d 187 (R.I. 1984). In determining whether summary judgment is appropriate, the Court reviews all pleadings, affidavits, and discovery responses in a light most favorable to the non-moving party.Benner v. J.H. Lynch Sons. Inc., No. 93-81, slip op. at 5, 6 (R.I. May 12, 1994). It is only when its review leads the Court to determine that no genuine issues of material fact exist that summary judgment is proper. Aetna Casualty Surety Co. v.Vierra, 619 A.2d 436 (R.I. 1993). However, if an issue of fact exists then the case is not suitable for summary judgment. Id.
The plaintiffs maintain that the agreement is a final integration of the terms and conditions agreed to by the parties. (See Agreement, paragraph 24, Affidavits of Raymond Norcia and Patricia Norcia). It is the defendant's position that the intent of the parties was that the entire agreement was subject to the defendant's completion of a separate transaction involving a separate part of the lot at issue. (See Affidavit of Newell Mitchell).
The aforementioned additional transaction involved the sale of approximately 56 acres of Mr. Mitchell's 66-acre parcel to the State of Rhode Island. Further, as part of its purchase, the State would survey the entire plot and subdivide its section, and further subdivide the remainder into two lots. The plaintiffs and defendant would then each get the appropriate lot. (Affidavit
of Newell Mitchell). Submitted as further proof of the intent of the parties is "Addendum #1" to the agreement. Addendum #1 states, inter alia, that the "seller [is] to decrease lot size to five acres as represented to Raymond Norcia by seller." Both plaintiffs and defendant executed this addendum.
When contractual language is clear and unambiguous, it is controlling as to the intent of the parties thereto and governs the legal consequences of the contract provisions. Theroux v.Bay Assoc. Inc., 114 R.I. 746 (1975). In determining whether a contract is clear and unambiguous, the Court views the agreement in its entirety and gives to its language its plain, ordinary, and usual meaning. Antone v. Vickers, 610 A.2d 120 (R.I. 1992). If the contract is susceptible of different constructions, then the Court shall conclude that the contract is ambiguous.Westinghouse Broadcasting Co. v. Dial Media, Inc., 410 A.2d 986
(R.I. 1980). In the case of an ambiguous contract, summary judgment may not be proper. O'Connor v. McKenna, 359 A.2d 350
(R.I. 1976).
In the current case it is clear that each party presents a different interpretation of the contract. The plaintiffs base their argument on language declaring the agreement subject to no understandings, conditions or representations. Conversely, defendant's affidavit maintains there is a condition precedent to performance that remains unsatisfied; that is, a survey of the property and a subdivision of the parcel of land plaintiff wishes to purchase. This was to be performed by the State of Rhode Island in connection with its purchase of the remainder of the tract.
The Court notes that neither the agreement nor Addendum #1 contain a definite description of the property to be sold. Indeed, the plat and lot numbers are stricken out in the agreement and Addendum #1 makes a vague reference to a decrease in lot size "to five acres as represented to Raymond Norcia by seller. Lot will have minimum frontage as required by town."
The lack of a definite lot description and the execution of Addendum #1 lead the Court to conclude the contract language to be ambiguous and indefinite.
In the face of an ambiguity in the contract the Court declines to grant summary judgment and order specific performance by the seller. The Court finds the existence of these ambiguities present questions of fact including lot size, location, the existence of a condition precedent and the true intent of the parties.
Counsel shall prepare an order consistent with this decision.