Barry SMITH

v.

Thomas F. TULLY.

No. 93–526–Appeal.

Supreme Court of Rhode Island.

Oct. 30, 1995.

Joseph Palumbo, Jr., Middletown, for Plaintiff.

Eugene Coulter, Newport, for Defendant.

## OPINION

MURRAY, Justice.

This matter is before the court on the appeal of the plaintiff, Barry Smith (plaintiff), from a Superior Court summary judgment entered in favor of the defendant, Thomas F. Tully (defendant). On appeal the plaintiff argues that the motion justice erred in ruling that the police officer's rule bars his cause of action against the defendant. For the reasons set forth below, we affirm the Superior Court judgment. The facts that follow are gleaned from the plaintiff's deposition and other pertinent portions of the record in the case.

At approximately 10 pm on September 4, 1989, plaintiff, a Middletown police officer, responded to a call to investigate a report that a man was "playing with a knife" in a restroom at the Sun and Sand Cafe, a bar located in Middletown. When plaintiff entered the bar, he observed a man, later identified as Rafael Salvador (Salvador), holding a machete and aggressively pursuing another individual with a pool stick. The plaintiff drew his gun, pointed his flashlight at Salvador, and ordered him to drop the knife. In disregard of plaintiff's orders to cease, Salvador turned toward plaintiff and charged at him with the machete in his hand. When Salvador continued to approach plaintiff with the machete raised above his head, plaintiff shot him with his revolver, killing him. The shooting was later deemed justified. The plaintiff sustained physical injuries and claimed to experience posttraumatic stress syndrome as a result of the incident. The workers' compensation insurance carrier for the Middletown police department paid for all medical expenses incurred by plaintiff arising from the altercation with Salvador.

In July 1991, plaintiff filed the instant action against defendant, the owner of the Sun and Sand Cafe and holder of its liquor license, seeking damages for the injuries he sustained as a result of the altercation with Salvador. The plaintiff alleged, inter alia, that defendant, his agents or employees, negligently and/or recklessly had served liquor to Salvador while he was visibly intoxicated in violation of the Rhode Island Liquor Liability Act, G.L.1956 (1987 Reenactment) chapter 14 of title 3 (the act). The plaintiff contended that his injuries were directly and proximately caused by Salvador's excessive consumption of liquor at defendant's bar.

Subsequently, in September 1992 defendant filed a motion for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure, contending that the police office's rule absolutely bars plaintiff from recovering against defendant. Following a hearing on defendant's motion, a Superior Court motion justice granted summary judgment in favor of defendant. In response, plaintiff filed the instant appeal.

On appeal, plaintiff argues that the Superior Court motion justice erred in granting summary judgment in defendant's favor. As a threshold matter, plaintiff asserts that the police officer's rule should not operate to shield a dram shop owner who knowingly serves liquor to a visibly intoxicated person from liability for damages proximately caused by the intoxicated person. It is plaintiff's contention that the act expressly affords a remedy to every person, including police officers.

The defendant argues that the Superior Court motion justice appropriately granted summary judgment. He maintains that the police officer's rule serves to bar plaintiff's action regardless of defendant's conduct. He contends that whether one characterizes the serving of alcohol to an intoxicated person as merely negligent or as willful, wanton, or reckless is irrelevant in the instant case because plaintiff was an on-duty, uniformed police officer, acting in the line of duty when he was injured. Alternatively, defendant avers that plaintiff assumed the risk he encoun-

tered. Last, defendant argues that Salvador's acts served as a sufficient independent and intervening act of negligence or reckless conduct so as to absolve defendant of any liability.

■■■ This court has often stated that summary judgment is a drastic remedy that should be cautiously applied. *Commercial Union Companies v. Graham*, 495 A.2d 243, 245 (R.I.1985); *Rustigian v. Celona*, 478 A.2d 187, 189 (R.I.1984); *Steinberg v. State*, 427 A.2d 338, 340 (R.I.1981). The trial justice must examine all the pleadings, affidavits, admissions, answers to interrogatories, and other materials in the light most favorable to the party opposing the motion. *O'Hara v. John Hancock Mutual Life Insurance Co.*, 574 A.2d 135, 136 (R.I.1990); *Blanchard v. Blanchard*, 484 A.2d 904, 905 (R.I.1984). The moving party is only entitled to judgment as a matter of law if there are no genuine issues of material fact to be decided. Super.R.Civ.P. 56.

■■■ The trial justice may search for the existence of factual issues but may not decide them, *Commercial Union Companies*, 495 A.2d at 245; *Steinberg*, 427 A.2d at 340; *Hodge v. Osteopathic General Hospital of Rhode Island*, 107 R.I. 135, 142, 265 A.2d 733, 737 (1970); nor may the trial justice assess the weight or the credibility of the evidence. *Doyle v. State*, 122 R.I. 590, 593–94, 411 A.2d 907, 909 (1980).

■■■ When reviewing summary judgments on appeal, this court must apply the same standard as the trial court and review the opposing party's material in its most favorable light. *O'Hara*, 574 A.2d at 136; *Westinghouse Broadcasting Co. v. Dial Media, Inc.*, 122 R.I. 571, 579, 410 A.2d 986, 990 (1980). In this case neither party disputes the basic facts set forth in this opinion. We are of the opinion that the motion justice correctly concluded that defendant was entitled to judgment as a matter of law.

We first state briefly the historic evolution of the police officer's rule. An extension of the firefighter's rule, the police officer's rule is a common-law doctrine which operates to preclude a police officer from recovering from a tortfeasor whose negligence brings

him or her to the site at which injury is sustained. *Aetna Casualty & Surety Co. v. Vierra*, 619 A.2d 436, 439 (R.I.1993). The same rationale which supports the firefighter's rule similarly upholds the application of the rule to police officers. *Id.* "By becoming police officers, these individuals assume the risks inherent in their employment," and like firefighters, police officers are paid by the public to come to the rescue of needy and/or negligent victims. *Id.* Accordingly, in this jurisdiction, a defendant tortfeasor seeking to invoke the police officer's rule as an affirmative defense must demonstrate the following criteria set forth in *Aetna:*

> "(1) that the tortfeasor injured the police officer or firefighter in the course of his or her employment, (2) that the risk the tortfeasor created was the type of risk that one could reasonably anticipate would arise in the dangerous situation which their employment requires them to encounter, and (3) that the tortfeasor is the individual who created the dangerous situation which brought the police officer or firefighter to the crime scene, accident scene or fire." *Aetna*, 619 A.2d at 439.

With the foregoing principles firmly in mind, we turn now to the circumstances of the instant case in order to determine whether defendant can invoke the police officer's rule.

■■■ We are of the opinion that all three of the requirements for invocation of the police officer's rule are satisfied in the instant case. With respect to the first factor, as indicated in the statement of facts, it is undisputed that plaintiff was injured during the course of his employment as a police officer with the Middletown police department. In regard to the second requirement, finding oneself in an altercation with an intoxicated patron is a risk that one could reasonably anticipate would arise while a police officer responds to a call about a person handling a knife at an establishment that serves liquor. Finally, with respect to the third requirement, and taking the evidence in the light most favorable to plaintiff as we must in ruling on a motion for summary judgment, we are led to the conclusion that defendant is the individual whose negligence created the dangerous situation which brought plaintiff to the scene

where he was injured. This is a fact which plaintiff himself asserts in his pleadings. Having satisfied the three requirements for the invocation of the police officer's rule, defendant apparently falls inside its scope.

Our analysis next turns to a brief review of the act. Legislated in 1986, the act was enacted "to prevent the intoxication-related injuries, deaths and other damages among Rhode Island's population." Section 3–14–2(1). Under § 3–14–7(2) of the act, a defendant "who recklessly serves liquor to a visibly intoxicated individual is liable for damages proximately caused by that individual's consumption of the liquor." Section 3–14–4 further provides that "any person who suffers damage" may bring an action. In addition, § 3–14–9 states that "[c]ommon law claims and defenses applicable to tort actions based on negligence and recklessness in Rhode Island shall not be limited by this chapter."

 The plaintiff contends that the police officer's rule should not shield a defendant who "thumbs his nose" at the act and knowingly violates it. Although we would agree with that basic statement from a public-policy perspective, relying on the clear language of the statute, we are constrained to hold otherwise. Section 3–14–9 is dispositive in the instant case. Under that section, common-law defenses applicable to tort actions, such as the police officer's rule, are not limited by the act. The Legislature could easily have chosen to exclude a particular defense in its wisdom had it so desired. Because the Legislature has specifically decided not to limit common-law defenses in lawsuits under the act, plaintiff's argument must fail. Accordingly, it is our conclusion that a defendant tortfeasor may invoke the police officer's rule as an affirmative defense in actions brought under the act.

This opinion is not to be construed as an endorsement of what the plaintiff describes as the negligent and reckless conduct of the defendant in his capacity as a dram shop owner, nor should our application of the police officer's rule in the instant case cast any doubt about our unanimous and unwavering support of the act and its sound policy and purpose. However, when we view the record

in the instant case in the light most favorable to the plaintiff, we find that there is no genuine issue of material fact and that summary judgment was properly entered in favor of the defendant.

Consequently the plaintiff's appeal is denied and dismissed. The judgment appealed from is affirmed, and the papers of the case may be remanded to the Superior Court.