**PEERLESS INSURANCE COMPANY**

v.

**Maurice R. NAULT, et al.**

**No. 96–256–A.**

Supreme Court of Rhode Island.

Oct. 20, 1997.

John B. Reilly, Warwick, for Plaintiff.

Paul P. Baillargeon, Smithfield, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This matter came before the Supreme Court on September 16, 1997, pursuant to an order directing both parties to show cause why the issues raised in this appeal should not be summarily decided. The defendants, Maurice R. Nault and Anne M. Nault (the Naults), filed an appeal from a Superior Court judgment confirming an arbitration panel's decision in favor of the plaintiff, Peerless Insurance Company (Peerless), and denying its motion to vacate or modify the decision of the panel.

After hearing the arguments of counsel for the parties and after reviewing the memoranda of the parties, we are of the opinion that cause has not been shown, and the appeal will be decided at this time.

The facts and travel of the case indicate that on January 19, 1990, Maurice R. Nault (Nault), a Burrillville police officer, was dispatched to investigate reports of a suspicious vehicle. Nault claims that he injured himself when his patrol car was forced off the road by an unidentified vehicle. The description

of the unidentified vehicle was almost identical to the description of the vehicle Nault had been dispatched to investigate. As a result of this accident Nault sustained personal injuries, and his wife alleged loss of consortium. The Naults then filed a claim for uninsured motorist benefits with Peerless, their insurance carrier, and demanded arbitration pursuant to the terms of the policy. On March 26, 1992, Peerless filed a complaint in Superior Court for declaratory relief. The complaint was later amended. The amended complaint sought a declaration of the rights and liabilities of the parties pursuant to the policy, including a declaration that the claim was barred by an application of the firefighter's rule.[1]

A three-member arbitration panel was selected by the parties to arbitrate the Naults' uninsured motorist claim. Peerless moved to stay the arbitration proceedings and moved for summary judgment in the declaratory judgment action. The motion for a stay was denied as was the motion for summary judgment. The trial justice referred the matter to arbitration, stating that the arbitrators would be in the best position *"to make findings of facts [sic] as to every single one of the claims that you assert, including * * * the firefighter rule* and including what policy controls this issue and *I don't think this Court should rule on those issues of law* until the arbitrator has made those findings of fact." (Emphases added.)

After several hearings the arbitration panel issued a written decision in which it made the following findings of fact: the accident was caused by an unidentified motor vehicle; as a result of the accident Nault sustained damages that amounted to $40,000 with interest of $26,000, exclusive of medical bills that totaled $9,460; Nault was entitled to salary pursuant to G.L.1956 § 45–19–1; and Mrs. Nault was entitled to loss of consortium damages of $1,500 with interest of $1,005. The panel also found, however, that just prior to the accident Nault had been dispatched to investigate a suspicious vehicle traveling with no lights, the operator of which vehicle was the tortfeasor whose negligence was the

proximate cause of the accident. As a result the panel concluded that the firefighter's rule applied to bar the Naults' claims.

Peerless then filed a motion with the Superior Court, seeking confirmation of the arbitration award and entry of final judgment. Conversely the Naults moved to modify, correct, or vacate the same arbitration award. On February 21, 1996, a second trial justice conducted a hearing relative to the cross-motions. Thereafter this trial justice delivered a bench decision granting the motion to confirm the arbitration award and denying the Naults' motion to vacate, modify, or correct the award. In so doing, the trial justice correctly stated that "the only issues properly arbitrable under the policy are the questions of the liability for damages by an uninsured tortfeasor and the amount of damages for which that tortfeasor would be liable under the law." The trial justice then held that the determinative issue in the case was the application of the firefighter's rule to the Naults' claim. The trial justice found that the "preclusive effect of the 'Firefighter's Rule' is on the liability of the tortfeasor to the insured party, not on the coverage provisions of the policy" and was therefore within the substantive arbitration jurisdiction of the panel.

Relying upon this determination, the trial justice found the arbitrators' award of damages to be inconsistent with the conclusion that the firefighter's rule applied. As a result the trial justice determined that the award needed to be corrected but stated that the court could do so as the imperfections were "purely formal." The trial justice stated that final judgment would enter, declaring that the Naults are covered by the uninsured motorist provision of the policy issued by Peerless, but since the firefighter's rule applied, the uninsured motorist is not legally liable to the Naults for any damages sustained as a result of the motor vehicle collision. From this judgment the Naults appealed.

On appeal the Naults argue that the trial justice erred in denying their motion to vacate the arbitration award pursuant to G.L.

---

1. The complaint sought additional declarations regarding the rights and liabilities of the parties pursuant to the policy. As they are not germane to the instant appeal, they will not be addressed.

1956 § 10–3–12. The Naults contend that the arbitration panel exceeded its powers when it decided that the firefighter's rule applied to bar the Naults' claims. We agree. For the reasons set forth below, we reverse the judgment of the Superior Court and sustain the appeal.

Section 10–3–12(4), "Grounds for vacating award," provides in pertinent part that the court "must make an order vacating the award * * * [w]here the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final and definite award upon the subject matter submitted was not made." A manifest disregard of the law, although not specifically provided for in the statute, has also been recognized as grounds for vacating an arbitration award. *Westminster Construction Corp. v. PPG Industries, Inc.,* 119 R.I. 205, 210, 376 A.2d 708, 711 (1977).

■ The firefighter's rule is a common law rule that operates to preclude a firefighter from recovering from a tortfeasor whose negligence brings him or her to the site at which the injury is sustained. *Labrie v. Pace Membership Warehouse, Inc.,* 678 A.2d 867, 868 (R.I.1996); *Smith v. Tully,* 665 A.2d 1333, 1335 (R.I.1995); *Aetna Casualty & Surety Co. v. Vierra,* 619 A.2d 436, 439 (R.I. 1993). The doctrine of "primary" assumption of the risk and considerations of public policy mandate that firefighters, as a matter of law, assume all normal risks inherent in the performance of their duties. *See Mignone v. Fieldcrest Mills,* 556 A.2d 35, 39 (R.I.1989). A tortfeasor who occasioned the firefighter's presence at the scene where he or she is subsequently injured can invoke the firefighter's rule as a shield from liability. *Id.* at 37. Because the same rationale that supports the firefighter's rule similarly applies to police officers, this court has explicitly extended its application to police officers. *Vierra,* 619 A.2d at 439. We have indicated that in cases in which the application of this doctrine arises with respect to police officers, the rule should be referred to as "the police officer's rule." *Mignone,* 556 A.2d at 37 n. 1. Accordingly a defendant tortfeasor seeking to invoke the police officer's rule must demonstrate (1) that the tortfeasor injured the police officer in the course of his or her employment, (2) that the risk the tortfeasor created was the type of risk one could reasonably anticipate would arise in a dangerous situation that the officer's employment requires him or her to encounter, and (3) that the tortfeasor is the individual who created the dangerous situation that brought the police officer to the crime scene or the accident scene. *See Vierra,* 619 A.2d at 439.

■ With respect to the uninsured motorist provision contained in an automobile insurance policy, this court has unequivocally stated that "a party is bound only to arbitrate those issues that [it] has consented to arbitrate." *AMICA Mutual Insurance Co. v. Baldassare,* 624 A.2d 312 313 (R.I.1993) (quoting *Bush v. Nationwide Mutual Insurance Co.,* 448 A.2d 782, 784 (R.I.1982)); *Balian v. Allstate Insurance Co.,* 610 A.2d 546, 548 (R.I.1992). Here, as in *Baldassare,* there is no language in the policy that can be read as an agreement to submit to arbitration issues regarding the applicability of the police officer's rule. Rather only issues of liability and damages are appropriate for arbitration; all other issues are for determination by the court and therefore beyond the substantive arbitration jurisdiction. *See Bush,* 448 A.2d at 785; *see also Baldassare,* 624 A.2d at 314. We are of the opinion that the question of whether a police officer's injury resulted from a defendant tortfeasor's negligence and in the context of a dangerous situation that can be reasonably anticipated as occurring in the course of the officer's employment and not by any independent act of negligence by another is a mixed question of law and policy not capable of resolution by this arbitration panel. *See Vierra,* 619 A.2d at 439–40; *Mignone,* 556 A.2d at 38, 39. It was the function of the arbitration panel to determine whether the uninsured motorist was negligent and, if so, the extent of the Naults' damages. In concluding that the police officer's rule applied to bar the Naults' claims, the panel exceeded its powers.

Accordingly we remand this case to the Superior Court for further proceedings and direct the court to conduct an independent hearing concerning the applicability of the police officer's rule to the Naults' claims. If

the court finds the police officer's rule applicable, and liability is thereby precluded, the court shall enter judgment in favor of the plaintiff. If, however, the court finds that the rule does not apply to the circumstances of Nault's automobile collision, the court shall confirm so much of the award that relates to the issue of damages.

The defendants' appeal is sustained and the judgment of the Superior Court is vacated. The papers of the case are remanded to the Superior Court for further proceedings consistent with this opinion.