STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-99-239

REC-CUM-7/17/2000

MICHAEL HOLMES and )
PATTI HOLMES, )
)
   Plaintiffs, )
)
v. )
)
ADAMS MARINE CENTER, )
)
  Defendant. )

ORDER ON DEFENDANT'S
MOTION TO DISMISS

## FACTUAL BACKGROUND

At all times relevant to the events concerning this lawsuit, Todd Thurston was the owner of a pleasure boat with a 175 horsepower motor. In November of 1996, Thurston employed Defendant Adams Marine Center to winterize the boat. Thurston asked the Defendant to disconnect the battery, to leave the battery in the boat, and to shrink wrap the entire boat to make it water tight for storage. He paid the defendant $270 for the work, and then parked the boat at his residence at 68 Clemons Street in South Portland.

On February 20, 1997, Plaintiff Michael Holmes ("Michael"), a lieutenant with the South Portland Fire Department, was one of the firefighters to respond to a report of a boat fire at Thurston's residence. The firefighters arrived to find the rear of the boat on fire, but successfully "knocked down" those flames with a water hose. Michael climbed onto the deck of the boat to extinguish the fire when the fuel cell exploded. He suffered serious and continuing injuries.

Count I alleges that Defendant's negligence caused the fire and explosion on the boat. Specifically, Plaintiffs allege that Defendant breached its duty of care in failing to remove the battery from the boat, failing to disconnect the battery from the bilge pump and failing to properly shrink-wrap the boat, allowing water to enter the bilge. Plaintiffs allege that the water's entry caused the bilge pump to activate, overheat and start the fire. Count II is Plaintiff Patti Holmes' claim for loss of consortium.

Defendant moved to dismiss the complaint, arguing that this type of lawsuit is barred by the "firefighter's rule." For purposes of this Motion to Dismiss, the allegations in the Complaint will be taken as true. See <u>Dexter v. Town of Norway</u>, 1998 ME 195, ¶7, 715 A.2d 169.


DISCUSSION

Defendant argues that because firefighters have a duty to extinguish fires and protect endangered property, <u>see</u> 30 M.R.S.A. §3154, they should be barred from suing those responsible for creating the danger. Many other jurisdictions have adopted this so-called "firefighter's rule."

The original rationale behind the rule focused on the common law difference between an invitee and licensee, distinguishing the two for the purpose of defining a landowner's duty toward each. <u>Hopkins v. Madeiros</u>, 724 N.E.2d 336, 341 (Mass. App. Ct. 2000). Historically, a firefighter was classified as a "licensee" to whom a landowner owed only a duty to warn of hidden dangers or positive wrongful acts, as opposed to injuries caused by the landowner's negligence in starting a fire. See <u>Hack</u>

v. Gillespie, 658 N.E.2d 1046, 1049 (Ohio 1991); Aetna Cas. & Sur. Co. v. Vierra, 619 A.2d 436, 437 (R.I. 1993). The distinction between licensee and invitee has long been abandoned by most jurisdictions, including Maine, and can no longer serve as an underpinning of the rule. Poulin v. Colby College, 402 A.2d 846, 850-51 (Me. 1979) (owner owes same duty of reasonable care to all persons lawfully on his or her land).

In some jurisdictions, the firefighter's rule survived the elimination of the licensee/invitee distinction. Courts substituted more modern rationales for utilizing the rule. One of those is the cost-spreading rationale. The theory is that since taxpayers pay firefighters' salaries and spread the risk of their injury throughout the community by funding workers' compensation[1] and fringe benefits, those firefighters should not be able to sue the taxpayers for their negligence. See Gibbons v. Caraway, 565 N.W.2d 663, 665-66 (Mich. 1997); Vierra, 619 A.2d at 438 (quoting Berko v. Freda, 459 A.2d 663, 666 (N.J. 1983). This rationale is not compelling. Expecting a firefighter's salary to adequately compensate him for actual serious injury while performing that job is unjustified. See Walters v. Sloan, 571 P.2d 609, 619 (Cal. 1977) (Tobriner, J., dissenting).

Another rationale is assumption of the risk, based on the idea that the plaintiff firefighter impliedly waived the duty of care owed to him or her. This has also been rejected. Christensen v. Murphy, 678 P.2d 1210, 1217-18 (Or. 1984) (overruling the firefighter's rule, based in part on fact that state had abolished doctrine of implied assumption of the risk, eliminating theoretical underpinning of

---

[1] The Plaintiff is entitled to receive worker's compensation benefits. See 39-A M.R.S.A. §§ 204, 328. However, if anyone entitled to worker's compensation sues a tortfeasor and recovers from that defendant, the payor of the benefits has an automatic lien on the plaintiff's damages. See 39-A M.R.S.A. §107.

the rule). Another justification, that taxpayers would be reluctant to call firefighters if they were afraid that they would be sued for their negligence, has been rejected[2]. See id., citing W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS §61, at 431 (5th ed. 1984) ("the argument... that tort liability might deter landowners from uttering such cries of distress, is surely preposterous rubbish").

The defendant argues that adopting the firefighter's rule would prevent the flood of lawsuits that would happen without it. Maine, however, has never adopted the firefighter's rule and the courts have not been flooded. Additionally, the Law Court has stated that the threat of a flood of lawsuits is a "specious" argument for refusing to adopt a new form of recovery. See Culbert v. Sampson's Supermarkets, Inc., 444 A.2d 433, 436-37 (Me. 1982).

Once in place in most jurisdictions, the firefighter's rule has been eroded by courts and legislatures. New Jersey has abolished the firefighter's rule, by statute, N.J. Stat. Ann. §2A-62A-21, as has Minnesota, Minn. Stat. Ann. 604.06, and Florida, Fla. Stat. Ann. §112.182. California narrowed its scope by statute. California Civil Code Ann. §1714.9. Other states have rejected the rule judicially. See, e.g., Banyai v. Arruda, 799 P.2d 441, 443 (Colo. Ct. App. 1990); Hopkins, 724 N.E.2d at 344 (refusing to apply the rule where legislation did not clearly abolish the common law right of action in negligence); Christensen, 678 P.2d at 1217-18 (stating that public policy does not support the rule); Mull v. Kerstetter, 540 A.2d 951, 954 (Pa. Super. 1988). Even where the firefighter's rule remains viable, its application precludes recovery only

---

2 Even jurisdictions that adhere to the rule have carved out an exception for independent acts, intentional acts, wilful, wanton, or reckless conduct in order to mitigate the rule's harshness. See Hopkins, 724 N.E.2d 336, 342 n.14. Rhode Island has refused to apply the rule in a non-emergency situation. Labrie v. Pace Membership Warehouse, Inc., 678 A.2d 867, 869-70 (R.I. 1996).

where the risk caused by the defendant is the type that one would reasonably foresee arising in a dangerous situation that the profession requires the plaintiff to encounter. See Aetna Casualty & Surety Co. v. Vierra, 619 A.2d 436, 439 (R.I. 1993).

Recognizing the firefighter's rule now in Maine would not be logical. First, original justification for the rule has long since been abandoned by Maine courts[3]. Second, the formulation of such a broad exclusion to a common-law cause of action by the courts is improper and should be left to the legislature. Hopkins, 724 N.E.2d at 345 (absent explicit statutory language, courts should not abrogate the common law right to sue for negligence); Labrie v. Pace Membership Warehouse, Inc., 678 A.2d 867, 868 (R.I. 1996); Walters, 571 P.2d at 620 (Tobriner, J., dissenting) ("courts should be hesitant to cut holes in the carefully woven fabric of the requirement of due care, and to deny certain selected classifications that protection").

The entry is

Defendant's Motion to Dismiss is DENIED.

Dated:     July 12, 2000

_____
Robert E. Crowley
Justice, Superior Court

---

[3] The circumstances of this case do not involve the typical fact pattern of cases applying the firefighter's rule. Plaintiff here is not suing the owner of the premises, but rather an allegedly negligent commercial third party. The most basic underlying policy rationale stems from the unexpected nature of the emergency requiring the firefighter's assistance. Because the landowner cannot foresee and prepare for the firefighter's arrival, nor control the firefighter's actions in fighting the fire, "neither firefighters nor the public they serve can reasonably expect property owners to exercise reasonable care for the safety of a professional rescuer in such a situation." Labrie, 678 A.2d at 871.

Date Filed __4-21-99__  __CUMBERLAND__  Docket No. __CV-99-239__
County

Action __PERSONAL INJURY__

MICHAEL HOLMES
PATTIE HOLMES

ADAMS MARINE CENTER

vs.

Plaintiff's Attorney

Julian Sweet, Esq.    784-3576
BERMAN & SIMMONS
P.O. Box 961
Lewiston, ME 04243-0961

Defendant's Attorney

~~AARON BALTES, ESQ.~~
Mark G. Lavoie, Esq. 774-4000
NORMAN, HANSON & DETROY
P.O. Box 4600
Portland, ME 04112-4600

DONALD L. GARBRECHT
LAW LIBRARY

JUL 31 2000

| Date of Entry | |
|---|---|
| 1999 | |
| April 23: | Received 4-21-99.<br>Summary sheet, filed. |
| " " | Complaint, filed. |
| April 29: | Received 4-29-99.<br>Defendant's Answer, filed. |
| May 4: | Received 5-4-99.<br>Summons filed.<br>Adams Marine Ctr., Inc. served on Michael Pearce, Esq. on 4-28-99. |
| May 17: | Received 5-17-99.<br>Plaintiff's Case File Notice and Pretrial Scheduling Statement, filed. |
| " " | Jury Fee $300.00 paid. |
| May 26: | Received 5-24-99.<br>Expedited Pretrial Order, filed. (Crowley, J.)<br>    Expedited Pretrial Order filed.  Discovery to be closed by May 24, 2000.<br>    This case will be placed on the jury trial list 30 days after close of<br>    discovery.  This order is incorporated into the docket by reference at<br>    the specific direction of the court.<br>Copies mailed to Julian Sweet, Esq. and Mark Lavoie, Esq. on 5-26-99. |
| May 26: | Received 5-25-99.<br>Defendant's Notification of Discovery Service, filed.<br>Defendant's Interrogatories Propounded upon the Plaintiff and Defendant's<br>Requests for Production of Documents Propounded upon the plaintiff served<br>on Julian Sweet, Esq. on 5-21-99. |
| July 1: | Received 6-29-99.<br>Plaintiffs' Notification of Discovery Service, filed.<br>Plaintiff Michael Holmes, Interrogatories propounded to defendant and<br>Plaintiff's Request for Production of Documents propounded upon defendant<br>served on Mark Lavoie, Esq. on 6-21-99. |