Karen MIGNONE

v.

FIELDCREST MILLS et al.

No. 87–494–Appeal.

Supreme Court of Rhode Island.

March 15, 1989.

John J. Nugent, Jr., Ronald J. Resmini, Ronald J. Resmini LTD. Law Offices, Providence, for plaintiff.

Dennis J. McCarten, Hanson, Curran & Parks, Mark P. Dolan, John F. Dolan, Rice, Dolan & Kershaw, Providence, for defendants.

## OPINION

KELLEHER, Justice.

The plaintiff in this Superior Court civil action, Karen Mignone, is before us on an appeal challenging the grant of each of the defendants' motions for summary judgment in this tort action in which the plaintiff seeks damages for injuries she sustained while in the performance of her duties as a firefighter employed by the town of Barrington. In late March 1986 the plaintiff filed a complaint in Providence County Superior Court against defendants Fieldcrest Mills and Halley Brothers Company. Subsequently she filed an amended complaint adding Margaret Hitchcock as a defendant. After lengthy discovery, Fieldcrest Mills, Halley Brothers Company, and Margaret Hitchcock all moved for summary judgment. The trial justice ruled that the plaintiff's claims were barred by the "firemen's rule" and granted summary judgment for all three defendants. The plaintiff now appeals. Hereafter we shall refer to the litigants as Mignone, Fieldcrest, Halley, and Hitchcock.

The facts are undisputed. On March 31, 1983, Mignone, along with other members of the Barrington fire department, responded to a fire that took place at Hitchcock's residence. According to Mignone, the fire was caused by a faulty electric blanket and fueled by flammable materials Hitchcock stored under her bed. Mignone claims that she was injured when she fell down a flight of stairs while fighting the fire. The direct and actual cause of her fall is unknown. Shortly before her fall Mignone had walked up the stairs without incident and did not see any obvious safety hazards on the stairs. However, she was aware that there was water on the stairs and "thought that the floor was swishy." On the way down the stairs, before her fall, she did not notice any defects or worn spots in the stair carpeting. When asked in her deposition what it was that caused her to fall down the stairs, Mignone responded, "I don't know * * * I just fell. I believe that there was water everywhere, but I did not look at the stairs and I don't remember particularly—I remember everything being soaked."

Mignone's complaint alleged that Fieldcrest negligently manufactured the blanket, breached warranties of fitness and merchantability flowing to Mignone, and was strictly liable, as the seller of the defective blanket, for all her consequential damages. She also lodges similar claims against Halley as the seller of the blanket. Finally Mignone claims that Hitchcock was liable because she negligently maintained

her premises in a dangerous and "unsafe condition," which caused Mignone to fall down the stairs. The "unsafe condition," according to Mignone, was the fact that Hitchcock had "bedding, and material stored under the bed which had it not been there, the fire would not have occurred." Mignone does not contend that the stairs were defective or negligently maintained or that she was injured by the electric blanket itself. The essence of Mignone's suit is her claim that she would not have fallen down the stairs and sustained an injury had there been no fire at the Hitchcock residence.

This is not a situation in which a firefighter has been injured directly by some defective condition or product on the premises. Simply stated, the issue before us is whether a firefighter may recover in a tort action for damages from either a negligent homeowner—or a manufacturer or seller of a defective product—for causing a fire but for which the firefighter would not have sustained an injury while in the discharge of his or her duties. The Superior Court justice, relying on the firefighter's rule,[1] answered this question in the negative, cited *Cook v. Demetrakas*, 108 R.I. 397, 275 A.2d 919 (1971), and entered an order for summary judgment against Mignone. It is from this decision that Mignone now appeals.

Although an order for summary judgment is a drastic remedy and should be cautiously applied, the moving party is entitled to judgment as a matter of law when there is no issue of material fact and the law is in his or her favor. *People's Trust Co. v. Searles*, 486 A.2d 619, 620 (R.I.1985). On appeal we review the propriety of the summary-judgment order entered by the same standards as the trial justice, which review includes an examination of the pleadings and affidavits viewed in a light most favorable to the party opposing the

motion. *Rustigian v. Celona*, 478 A.2d 187, 190 (R.I.1984).

■ With respect to Hitchcock, the homeowner, Mignone argues that the trial justice erroneously entered an order for summary judgment because the determination and application of the proper standard of care owing to her presents a material issue for the trier of fact. We do not agree. The existence and extent of a duty of care are questions of law, not fact, and only whether such duty has been breached and whether proximate cause exists are the questions for the factfinder. *Federal Express Corp. v. State of Rhode Island Dept. of Transportation*, 664 F.2d 830, 835 (1st Cir.1981).

■ Second, Mignone contends that Rhode Island judicial decisions and legislative action have abolished the firefighter's rule in Rhode Island and that, therefore, the trial justice erred by relying on that rule in granting summary judgment. The so-called firefighter's rule negates any liability to a firefighter by one whose negligence causes or contributes to the fire that in turn causes injury or death of the firefighter. *Buchanan v. Prickett & Son, Inc.*, 203 Neb. 684, 687, 279 N.W.2d 855, 858 (1979). This rule of law is almost universally accepted across this nation. *England v. Tasker*, 129 N.H. 467, 529 A.2d 938, 939 (1987). Although not by name, Rhode Island has adhered to the principle of law that gave rise to the firefighter's rule in that Rhode Island case law provides that a homeowner owes a limited duty to firefighters of not knowingly letting them run upon a hidden peril or not willfully causing him or her harm. *See Cook*, 108 R.I. at 402, 275 A.2d at 922; *see also Beehler v. Daniels, Cornell & Co.*, 18 R.I. 563, 29 A. 6 (1894). Mignone recognizes the Rhode Island case law subscribing to this rule of law but points out that these cases

1. We are well aware that for many years the rule has been described as the "firemen's rule." Since it is obvious from this case that firefighting is no longer exclusively within the male domain, we shall describe the pertinent principle as the "firefighter's rule." This principle also came into play in the *Cook v. Demetrakas*, 108 R.I. 397, 275 A.2d 919 (1971), litigation where Cook, a police officer, was seeking damages for injuries he received while in the performance of his duties on Demetrakas's property. The rule in that litigation is often referred to as the "policeman's rule." Again, in any future litigation, it should be referred to as the "police officer's rule," as we now have female police officers.

were premised on the traditional, and now antiquated, property concepts of entrant classifications. She argues that the rule is no longer valid in light of our decision in *Mariorenzi v. Joseph DiPonte, Inc.*, 114 R.I. 294, 333 A.2d 127 (1975).

*Mariorenzi* was a wrongful-death action brought against the owner of a piece of real estate for the death of a five-year-old boy who drowned while playing on the defendant's property. The trial justice in that case classified the boy as a trespasser and granted the defendant's motion for a directed verdict on the ground that a landowner owes no duty to a trespasser other than to refrain from willfully or wantonly injuring him or her. 114 R.I. at 298, 333 A.2d at 129. On appeal we noted the trend in other jurisdictions to reject the traditional property concepts of entrant status and ruled that the common-law status of an entrant onto the land of another would no longer be determinative of the degree of care owed by the owner. *Mariorenzi*, 114 R.I. at 307, 333 A.2d at 133. We vacated the trial justice's order for a directed verdict, holding that evidence of an entrant's status may have some relevance to the question of liability but it will no longer be conclusive and that the question to be resolved is whether the owner had used reasonable care for the safety of all persons reasonably expected to be upon his or her premises. *Id.*

Mignone asserts that because *Mariorenzi* abolished the historic and artificial entrant categories, the rationale for the rule in Rhode Island that firefighters are owed only a limited duty of care has been abrogated and that, "[i]n short, *Mariorenzi* eliminated the Fireman's Rule" in Rhode Island. We do not agree.

The firefighter's rule is deeply rooted in the common law and the rule does owe part of its genesis to the now-antiquated property concepts of entrant classification. *England v. Tasker*, 529 A.2d at 939. Traditionally firefighters who have entered upon one's premises in the discharge of their duties had, in the absence of a statute or an express or implied invitation, the status of a licensee. *Cook*, 108 R.I. at 401, 275

A.2d at 922. As a licensee, the occupant of the premises owed the firefighters only the limited duty of not knowingly letting them run upon a hidden peril or not willfully causing them harm. *See Id.* This rationale for the rule is currently without justification in jurisdictions, such as ours, that have rejected the common-law entrant classifications as controlling the degree of care owed by the owner of property. *England v. Tasker*, 529 A.2d at 939; *Mariorenzi*, 114 R.I. at 307, 333 A.2d at 133.

The rule has, however, found support and vitality in the doctrine of "primary" assumption of risk and considerations of public policy. *England v. Tasker*, 529 A.2d at 940. It must be pointed out that assumption of the risk differs from the doctrine of comparative negligence in that assumption of the risk is concerned with "knowingly" encountering a danger whereas comparative negligence is concerned with "negligently" encountering a danger. *See Kennedy v. Providence Hockey Club, Inc.*, 119 R.I. 70, 76, 376 A.2d 329, 333 (1977). Where one "knowingly" accepts a dangerous situation, he or she essentially absolves the defendant from creating the risk, or to put it another way, the duty the defendant owes the plaintiff is terminated. *Id.* In addition the doctrine of "primary" assumption of risk must be distinguished from "secondary" assumption of risk. "Secondary" assumption of risk is an affirmative defense that may be invoked to defeat the liability of a defendant, even if the negligence of that defendant has already been established. *Drew v. Wall*, 495 A.2d 229, 231 (R.I.1985). To prove this defense, the defendant must establish that the plaintiff knew of the existence of a danger, appreciated its unreasonable character, and then voluntarily exposed himself to it. *Id.* The standard is a subjective one, and generally the issue of whether a plaintiff assumed a risk is for the trier of fact to decide, but in situations in which the facts suggest only one reasonable inference, the issue becomes a question of law. *Id.* "Primary" assumption of risk, on the other hand, is not an affirmative defense but instead is a rule of law dictating that the homeowner did not owe

the firefighter a duty of not negligently causing a fire. *England v. Tasker*, 529 A.2d at 940. Pursuant to the doctrine of primary assumption of risk, firefighters, as a matter of law, assume all normal risks inherent in their duties when they accept their positions as firefighters. *Id.* By accepting the salary and benefits of their employment, firefighters also assume the accompanying risks and cannot later recover from one who negligently creates those risks. *Id.* It should be explained, however, that firefighters do not assume every possible risk they may encounter while engaged in their occupation but only those hazards that are known or can reasonably be anticipated at the site of the fire. *Lipson v. Superior Court of Orange County*, 31 Cal.3d 362, 371, 644 P.2d 822, 827–28, 182 Cal.Rptr. 629, 635 (1982). These risks are the typical ones normally associated with the firefighter's occupation, such as injury from smoke, flames, and the collapse of a burning wall, ceiling, or floor. *Id.* at 371, 644 P.2d at 828, 182 Cal.Rptr. at 635. We believe that the doctrine of "primary" assumption of risk provides a substantially adequate rationale for the retention of the limited-duty rule set forth by this court in *Cook v. Demetrakas* and *Beehler v. Daniels, Cornell & Co.*

There are several considerations of public policy that give credence and support to the application of the doctrine of primary assumption of risk and the retention of the limited-duty rule. *England v. Tasker*, 529 A.2d at 940. Because a firefighter is paid and trained at the public's expense to confront crises and allay the dangers of fires often created by negligent citizens, fundamental concepts of justice prohibit a firefighter from complaining about the negligence that creates the very need for his or her employment. *Id.* Public policy of our state, like most others, dictates that the financing of especially hazardous governmental functions, such as firefighting, are the collective responsibility of society as a whole and are not functions relegated to dependence upon ordinary negligence actions. *See Phillips v. Hallmark Cards, Inc.*, 722 S.W.2d 86, 88 (Mo.1986). Because fires and other disasters commonly arise out of negligence on the part of the owner or occupier of the property, compensation for a firefighter's injuries incurred in the engagement of his or her occupation ought to be the obligation of society as a whole, not the individual citizen. *Id.* Our Legislature has made this policy clear by enacting G.L. 1956 (1988 Reenactment) § 45–19–1, which compensates firefighters at the public's expense for injuries sustained in the course of their duties.[2] Because the citizens of Rhode Island have already been taxed once in order to compensate firefighters for their injuries, we find that it would be fundamentally inconsistent with Rhode Island public policy to require an individual to compensate the firefighters a second time in tort for those same injuries, which were sustained while performing the very service that they are paid to undertake for the benefit of all. *See England v. Tasker*, 529 A.2d at 940. We believe that considerations of public policy provide a substantially adequate rationale for the application of the primary-assumption-of-risk doctrine and the retention of the limited-duty rule set forth in *Cook* and *Beehler*.

■ Mignone next argues that § 45–19–1.1, by its "self-expressive" language, changes the common-law rule of *Cook v. Demetrakas* and permits a firefighter to recover damages from a homeowner or other third-party tortfeasor for negligently causing a fire. It has been well established by this court that when the

2. General Laws 1956 (1988 Reenactment) § 45–19–1 provides in relevant part:

"(a) Whenever any * * * fireman * * * of any city, town, fire district, or the state of Rhode Island shall be wholly or partially incapacitated by reason of injuries received or sickness contracted in the performance of his or her duties, the respective city, town, or fire district, or state of Rhode Island by which the * * * fireman * * * is employed shall, during the period of incapacity, pay the * * * fireman * * * the salary or wage to which the * * * fireman * * * would be entitled had he or she not been so incapacitated, and in addition thereto shall pay the medical, surgical, dental, optical, or other attendance or treatment, nurses and hospital services, medicines, crutches, and apparatus for such period as is necessary."

Legislature intends to alter the common law, such alteration must be plainly expressed and will not be inferred by the court. *Ayers–Schaffner v. Solomon,* 461 A.2d 396, 399 (R.I.1983). We have also stated that statutes that establish rights not recognized by the common law are subject to strict construction. *Id.* at 398. Section 45–19–1.1 does provide that in circumstances in which legal liability attaches to some person other than the employer, "the employee may take proceedings, against that person to recover damages, and the employee shall be entitled to receive both damages and compensation."[3] This statute does not, however, by its plainly expressed language, create a cause of action against a homeowner or against the manufacturer or seller of a defective product for causing a fire that results in injury to a firefighter. It simply states that when a firefighter has legal rights against a party other than his or her employer, he or she is free to pursue them but must then reimburse the city, town, or the State of Rhode Island to the extent it has paid compensation under § 45–19–1. We review § 45–19–1.1 strictly and hold that it does not establish any legal right in favor of a firefighter that is not recognized at common law but only sets forth a provision for reimbursement in favor of the state or any political subdivision that pays compensation benefits to an injured firefighter.

We agree with Mignone that entrant classifications will no longer support the rule of *Cook v. Demetrakas* that a homeowner owes only a limited duty of care to firefighters under *Mariorenzi,* but as we have already stated, we believe that the rule is justified under the principles of primary assumption of risk, *see Lipson, supra,* and considerations of public policy. *See England v. Tasker,* 129 N.H. 467, 529 A.2d 938 (1987); *see also Phillips v. Hallmark Cards, Inc.,* 722 S.W.2d 86 (Mo. 1986). We hold that, as a matter of law, a firefighter assumes all risks of injury that are known or can reasonably be anticipated while discharging his or her duty at the site of a fire. The homeowner has a duty of not knowingly letting a firefighter fall upon a hidden danger, willfully causing a firefighter harm, or otherwise causing the firefighter to be exposed to a risk or hazard that could not reasonably be anticipated to exist at the site of a fire. A firefighter is free to sue a homeowner for a breach of these duties but is, as a matter of law, absolutely barred from suing a homeowner for negligently causing a fire that later results in injury.

Here there has been no allegation by Mignone that Hitchcock, the homeowner, knowingly let Mignone fall upon a hidden danger, willfully caused Mignone injury, or otherwise caused Mignone to be exposed to a risk or hazard that could not reasonably be anticipated to exist at the site of the

---

**3.** Section 45–19–1.1 reads in full:

"Liability of third person for damages.— Where the injury or sickness for which compensation is payable under § 45–19–1, was caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof, the employee may take proceedings, against that person to recover damages, and the employee shall be entitled to receive both damages and compensation provided that the employee, in recovering damages either by judgment or settlement from the person so liable to pay damages, shall reimburse the city, town, or the state of Rhode Island by whom the compensation was paid to the extent of the compensation paid as of the date of the judgment or settlement and the receipt of those damages by the employee shall not bar future compensation; and if the employee has been paid compensation under that chapter, the city, town, or state of Rhode Island by whom the compensation was paid shall be entitled to indemnity from the person so liable to pay damages as aforesaid, and to the extent of the indemnity shall be subrogated to the rights of the employee to recover damages therefor; provided, however, that when money has been recovered either by judgment or by settlement by the employee from the person so liable to pay damages as aforesaid, by suit or settlement, and the employee is required to reimburse the city, town, or state of Rhode Island by whom the compensation was paid, the employee or the employee's attorney shall be entitled to withhold from the amount to be reimbursed that proportion of the costs, witness expenses, and other out-of-pocket expenses and attorney fees which the amount which the employee is required to reimburse the city, town, or state of Rhode Island by whom compensation was paid bears to the amount recovered from the third party."

fire. Mignone has no cause of action against Hitchcock for negligently storing bedding and material under her bed, without which storage the fire would not have occurred. Viewing the record in a light most favorable to Mignone, we find that there is no material issue of fact and that summary judgment was properly entered in favor of Hitchcock.

The next issue that we must resolve is whether a firefighter has a claim in strict liability against the manufacturer or seller of a defective product for causing a fire that results in injury to a firefighter. Mignone argues that Fieldcrest and Halley cannot rely upon or invoke the firefighter's rule as a basis for summary judgment because the rule is "dependent on some connection or control with the land or premises in question" and that the "[r]ule cannot bar recovery in strict liability cases because liability in such matters is a rule of law, not an exception." Mignone argues that summary judgment was erroneously entered in Fieldcrest and Halley's favor.

Strict liability is not absolute liability, and certain conduct on the part of a plaintiff may serve as a complete or partial bar to recovery in an action predicated on strict liability. *See Armstrong v. Mailand*, 284 N.W.2d 343, 351 (Minn.1979). In Rhode Island the defense of assumption of risk remains viable in products-liability cases. *Turcotte v. Ford Motor Co.*, 494 F.2d 173 (1st Cir.1974). *See also Fiske v. MacGregor, Div. of Brunswick*, 464 A.2d 719, 729 (R.I.1983). In rejecting Mignone's claim that the firefighter's rule cannot be invoked in her claims against the manufacturer and seller of the electric blanket, we subscribe to the sentiments expressed in *Mahoney v. Carus Chemical Co., Inc.*, 102 N.J. 564, 581–82, 510 A.2d 4, 13 (1986), where the Court, after noting that the fireman's rule can be invoked in ordinary negligence actions, and the products liability doctrine treats market function as a substitute for proof of ordinary negligence, made the following observation:

> "[f]ires created by defective products do not pose a fundamentally different risk to firefighters from that posed by fires instigated by other causes. We find no rationale consistent with the policy underlying the fireman's rule that justifies a different treatment of manufacturing as distinguished from all other commercial activities. Accordingly, we do not recognize an exception to the fireman's rule based solely on strict liability for defective products."

What the Court observed about manufacturers applies equally well to sellers.

The plaintiff's appeal is denied and dismissed. The judgments appealed from are affirmed, and the case is remanded to the Superior Court.