Richard KRAJEWSKI et al.

v.

George BOURQUE et al.

No. 2000–98–APPEAL.

Supreme Court of Rhode Island.

Oct. 25, 2001.

Dennis J. Tente, Cranston, for Plaintiff.

Joel K. Gerstenblatt, Providence, for Defendant.

Present WILLIAMS, C.J.,
LEDERBERG, BOURCIER,
FLANDERS, and GOLDBERG, JJ.

## OPINION

**PER CURIAM.**

The plaintiffs, Richard and Julie Krajewski, have appealed the entry of summary judgment in favor of the defendants, George and Janice Bourque, in this personal injury action. This case concerns the applicability of "the police officer's rule." Following a prebriefing conference, both parties were directed to show cause why the issues raised in this appeal should not be summarily decided. Having considered the record, the memoranda, and the oral arguments of counsel for the parties, we conclude that cause has not been shown, and we summarily affirm the judgment of the Superior Court.

Richard Krajewski (Krajewski), a Scituate police officer, received a dispatch on January 12, 1997, about an incident involving damage to mailboxes in the area. After uncovering a license plate linking Janice Bourque's car to the incident, Krajewski went to defendants' home to investigate. It was later alleged that a friend of defendants' son was driving the car during the mailbox incident. When Krajewski arrived at defendants' home, the steep driveway leading to the house was covered with ice. Because the officer was unable to drive up the driveway, he proceeded up the driveway on foot. After he spoke with Janice Bourque, he started back down the driveway, slipped, fell on the ice and sustained injuries.

Krajewski filed suit in the Superior Court, claiming negligence, and Julie Krajewski claimed a loss of consortium. The defendants moved for summary judgment, asserting that plaintiffs' claims were barred by "the police officer's rule." The trial court granted the motion and entered judgment in favor of defendants.

■ In considering an appeal from a grant of summary judgment, we review

the motion *de novo* and apply the same criteria as those applied by the trial court. *Marr Scaffolding Co. v. Fairground Forms, Inc.,* 682 A.2d 455, 457 (R.I.1996). We shall uphold the trial court's judgment "if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Rotelli v. Catanzaro,* 686 A.2d 91, 93 (R.I.1996).

"The police officer's rule," like its progenitor, "the firefighter's rule," limits the general duty of care in negligence. The rule arose from the presumption that "[p]ublic-safety officers are deemed 'as a matter of law, [to] assume all normal risks inherent in their duties when they accept their positions * * * [,]' " *Day v. Caslowitz,* 713 A.2d 758, 760 (R.I.1998) (quoting *Mignone v. Fieldcrest Mills,* 556 A.2d 35, 39 (R.I.1989)) (alterations in original), and from a policy that "it would be unfair to allow such [publicly compensated] officers to recover for the very negligent acts that create the governmental need for their employment in the first place." *Day,* 713 A.2d at 760 (citing *Aetna Casualty & Surety Co. v. Vierra,* 619 A.2d 436, 438 (R.I. 1993)). Although plaintiffs claimed that these public policy considerations no longer are valid and that the rule simply shifts the costs of on-duty injuries from the tortfeasor to the taxpayer, we have repeatedly reaffirmed the policies underlying the rule, *see, e.g., Day,* 713 A.2d at 759–62; *Peerless Insurance Co. v. Nault,* 701 A.2d 320, 323 (R.I.1997), and we decline to revisit those policy issues in this case.

The rule bars a police officer's negligence claims when three elements have been met:

"(1) the officer was injured in the course of performing tasks relating to his or her employment, (2) the risk of injury was one that the officer could reasonably anticipate would arise in the dangerous situations that the officer's employment typically required him or her to encounter, and (3) the alleged tortfeasor was the individual responsible for bringing the officer to the scene of a potential crime, fire, or other emergency where the injury then occurs." *Day,* 713 A.2d at 760.

These elements have been satisfied in this case. In *Martellucci v. FDIC,* 748 A.2d 829, 832 (R.I.2000), we held that a police officer's claim against the owner of a parking lot was barred by the rule, despite the fact that a tenant, rather than the owner, had installed the alarm that brought the officer to the premises. We stated that the third prong of the rule "was never intended to impose a literal requirement for the alleged tortfeasor to have called the public-safety officers to the scene in order for the rule to apply." *Id.* We held that the third prong, instead, is "meant to assure that some nexus or connection exists between the alleged wrongdoer and the event or emergency that caused the public-safety officer's presence at the location where the officer is injured." *Id.*

The instant case falls squarely within the scope of our opinion in *Martellucci.* Although defendants were not directly responsible for summoning plaintiff to their home, Janice Bourque's ownership of the car allegedly involved in the mailbox incidents was the impetus for Krajewski's arrival at the premises. As such, there is a sufficient nexus between the alleged tortfeasors and the event that brought Krajewski to the premises to satisfy the third prong of the rule.

The plaintiffs also contended that defendants' failure to sand their driveway amounted to gross negligence or wrongful

intentional conduct rather than ordinary negligence, and, alternatively, that defendants' conduct constituted a subsequent and independent tort, falling outside the purview of the rule, as in *Vierra,* 619 A.2d at 439. With respect to the first of these issues, we previously have upheld the application of the rule when an officer slipped and fell on an icy residential walkway, *Day,* 713 A.2d at 762, and we will not supplant that analysis by finding the rule inapplicable on grounds of gross negligence in this case. On the second issue, we expressly rejected the claim that a failure to remove ice was an independent tort in *Day,* and we again limited the scope of *Vierra* in our recent holding in *Martellucci,* 748 A.2d at 831–32. Accordingly, upon the facts presented here, we hold that the defendants' failure to remove ice from their driveway did not constitute an independent, subsequent act of negligence outside the scope of the police officer's rule.

In conclusion, because there are no genuine issues of material fact, the defendants are entitled to judgment as a matter of law. Accordingly, we summarily deny and dismiss the plaintiffs' appeal and affirm the judgment of the Superior Court, to which we return the papers in this case.