**Wladsylaw SOBANSKI**

v.

**Steven DONAHUE et al.**

**No. 99–467–Appeal.**

Supreme Court of Rhode Island.

March 13, 2002.

Michael S. Pezzullo, Cranston, for Plaintiff.

Michael S. Kiernan, West Warwick, Bernard Patrick Healy, Foster, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

GOLDBERG, Justice.

The plaintiff, Wladsylaw Sobanski (plaintiff or Sobanski), is before the Supreme Court on appeal from the grant of summary judgment in favor of the defendants, Steven and Patricia Donahue (defendant or the Donahues).

### Facts and Travel

The Donahues own, but do not occupy, a multifamily house in Providence, Rhode Island, one floor of which was leased to defendant Carmen Grinkis (Grinkis). The Donahues had installed a fence around their property and they consented to Grinkis's request to keep a dog during her tenancy. Grinkis permitted the dog to run loose within the fenced-in portion of the yard. The day before the incident at issue in this appeal, the dog escaped through a gap in the fence, ran onto the neighbor's property and attacked the neighbor. The following day, Sobanski, a Providence po-

lice officer, was on the neighbor's property investigating the biting incident when the dog again escaped the fenced yard and attacked him. The plaintiff suffered injuries to his left hand, left calf and right thigh.

The plaintiff filed a civil action alleging premises liability, negligence and strict liability under G.L.1956 § 4–13.1–7. The Donahues answered the complaint and moved for summary judgment, arguing that as landlords, they had no control over the dog and were under a limited duty to tenants or guests on the property. The motion justice granted summary judgment and concluded that the Donahues owed no duty to Sobanski because there was no evidence that these defendants had any control over Grinkis's dog. The motion justice also found that the Donahues had no knowledge that the dog had any vicious propensities and, further, that the fence was maintained in the same condition as it was when it was installed and was not defective. The plaintiff has appealed and argued that G.L.1956 § 4–13–17 [1] imposes liability on any person who knowingly allows another to keep a dog on his or her property.

 Although plaintiff has raised several issues for our review, including § 4–13–17, we note that at the time he was attacked by Grinkis's dog, Sobanski was a police officer who was involved in an on-duty investigation. Further, the record discloses that in their amended answer, the Donahues raised the police officer's rule as a defense to plaintiff's complaint. We deem this issue to be dispositive of this appeal and fatal to plaintiff's claim. Although on appeal this Court will consider only those issues that have been raised

---

1. **General Laws 1956 § 4–13–17 provides:** "**Civil liability of person harboring dog for damages.**—Any person keeping or harboring in his or her house or on his or her lands any dog, or knowingly suffering this to be done by any other person, shall be liable for all damages done by the dog in the same manner as if he or she were the owner."

before the trial court, in rendering our decisions we are free to decide the case on grounds other than those relied upon by the lower-court judge. *State v. Nordstrom*, 529 A.2d 107, 111 (R.I.1987); *see also Ahlburn v. Clark*, 728 A.2d 449, 452 (R.I.1999). Here, the record discloses that both the Donahues and Grinkis asserted the police officer's rule as an affirmative defense to plaintiff's claims. Although the hearing justice did not pass on this issue, we note that a second hearing justice denied Grinkis's motion for summary judgment on this ground, thus determining this issue as the law of the case. We are satisfied that the police officer's rule is an affirmative defense that is dispositive of this appeal.

■ It is undisputed that plaintiff is a Providence police officer who, at the time the dog attacked him, was on-duty, investigating a complaint concerning this very same canine. The police officer or public safety officer's rule bars members of the state's police and fire departments from bringing tort actions against property owners for injuries suffered while the officer is engaged in on-duty activities or investigations at specific locations. *Martellucci v. F.D.I.C.*, 748 A.2d 829, 830 (R.I.2000). In *Day v. Caslowitz*, 713 A.2d 758 (R.I.1998), this Court affirmed the grant of summary judgment for the homeowner in an action brought by a police officer who slipped and fell on an icy sidewalk while responding to a home security alarm. We held that the alleged negligence that resulted in the officer's presence at the location need not be the causal factor for the injuries. *Id.* at 760. The record in this case discloses that at the time he suffered these injuries, Sobanski was directed to the neighbor's home so he could conduct an investigation arising from a complaint that Grinkis's dog had attacked someone the preceding day. We deem plaintiff's injuries to be within the risks that are inherent in police work and foreseeable consequences of the performance of an officer's duty to protect the public and investigate dangerous instrumentalities, including vicious dogs. Here, as in *Krajewski v. Bourque*, 782 A.2d 650 (R.I.2001) (holding that police officer's negligence claim against property owner is barred by police officer's rule after the officer slipped on icy driveway while investigating a damaged mailbox in that area), "there is a sufficient nexus between the alleged tortfeasors and the event that brought [the police officer] to the premises" to bring this case within this rule. *Id.* at 652.

This Court reviews the grant of summary judgment on a *de novo* basis, applying the same standards as the trial court. *Marr Scaffolding Co. v. Fairground Forms, Inc.*, 682 A.2d 455, 457 (R.I.1996). "Only when a review of the evidence in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's order granting summary judgment." *J.R.P. Associates v. Bess Eaton Donut Flour Co.*, 685 A.2d 285, 286 (R.I.1996) (mem.) (citing *Accent Store Design, Inc. v. Marathon House, Inc.*, 674 A.2d 1223, 1225 (R.I. 1996)).

■ As noted, in their amended answer to plaintiff's complaint, the Donahues raised the police officer's rule as a defense to the claim. For the police officer's rule to bar a claim, a defendant must establish:

"(1) the officer was injured in the course of performing tasks relating to his or her employment, (2) the risk of injury was one that the officer could reasonably anticipate would arise in the dangerous situations that the officer's employment typically required him or her to encounter, and (3) the alleged tortfeasor was

the individual responsible for bringing the officer to the scene of a potential crime, fire, or other emergency where the injury then occurs." *Martellucci,* 748 A.2d at 830 (quoting *Day,* 713 A.2d at 760).

In this case, Sobanski was called to the neighbor's home to investigate a complaint that Grinkis's dog had attacked someone the previous day. Although the plaintiff never entered the Donahues' property, his presence at the scene was necessitated by the alleged negligence of the defendants in allowing the dog to be housed on their premises. The plaintiff clearly was aware that a dog was kept in the neighboring yard and that the dog had recently escaped and attacked the neighbor. We are satisfied that although the plaintiff was neither called to the scene by the Donahues, nor injured on their property, both the Donahues and Grinkis were responsible for Sobanski's presence in the neighbor's yard because they permitted a vicious dog to be housed on the premises, thus setting in motion the events leading up to the plaintiff's injuries. Accordingly, the plaintiff's claim is barred by the police officer's rule, and summary judgment should have been granted on this ground. In light of our decision affirming summary judgment for reasons other than those relied upon by the trial justice, we need not address the remaining issues raised by the plaintiff.

In conclusion, for the reasons stated herein, the plaintiff's appeal is denied and dismissed and the judgment is affirmed, albeit on grounds different from that of the hearing justice. The papers in this case may be remanded to the Superior Court.