Geoffrey F. RINN et al.

v.

Ralph R. RAZEE.

No. 2005–177–Appeal.

Supreme Court of Rhode Island.

Dec. 14, 2006.

Steven L. Catalano, Providence.

Paul S. Callaghan, Providence.

## O R D E R

The plaintiffs, Geoffrey F. Rinn (Rinn) and his wife, Michelle H. Rinn (plaintiffs), appeal from an order of the Superior Court granting summary judgment in favor of the defendant, Ralph R. Razee (Razee or defendant), in this personal injury action involving the applicability of the public-safety officer's rule. This case came before the Supreme Court on October 31, 2006, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown, and will decide the case at this time. We summarily affirm the judgment of the Superior Court.

On June 23, 2000, Rinn, an East Greenwich police officer, suffered neck and back injuries when his cruiser was struck by a car driven by Razee. Rinn was on duty when he observed defendant's vehicle make a turn without slowing, almost colliding with Rinn's police cruiser. Concluding that defendant had committed a moving violation of the motor vehicle code, Rinn pulled his cruiser up behind defendant's

vehicle. Rinn pursued the vehicle on Dedford Street and onto Main Street, at which point he activated the cruiser's emergency lights, air horn, and siren. The defendant appeared to begin stopping his vehicle, but then pulled back onto the road and continued driving. Eventually, defendant stopped and Rinn stopped behind him. As Rinn unfastened his seat belt and started to radio his location to the police dispatcher, he observed defendant back up his vehicle and crash into the cruiser. As a result of the collision, Rinn suffered permanent injuries to his neck and back. He eventually retired from active service with the Town of East Greenwich on permanent medical disability.

Rinn filed suit in Superior Court alleging negligence, and his wife claimed loss of consortium. The defendant moved for summary judgment and argued that the public-safety officer's rule barred plaintiffs' claims. After a hearing, the trial justice granted defendant's motion for summary judgment, and plaintiffs filed this appeal.

The Supreme Court reviews orders of summary judgment on a *de novo* basis, and applies the same standards as the Superior Court. *Sobanski v. Donahue,* 792 A.2d 57, 59 (R.I.2002). "Only when a review of the evidence in the light most favorable to the nonmoving party reveals no genuine issues of material fact, and the moving party is entitled to judgment as a matter of law, will this Court uphold the trial justice's order granting summary judgment." *Walker v. Prignano,* 850 A.2d 954, 958 (R.I.2004) (quoting *George v. Fadiani,* 772 A.2d 1065, 1067 (R.I.2001)).

The public-safety officer's rule [1] generally prevents officers from bringing tort

---

1. The public-safety officer's rule is also known as the police officer's rule and the firefighter's

rule. The firefighter's rule (originally called the fireman's rule but changed as "firefight-

claims for injuries "created by a defendant's ordinary negligence." *Walker,* 850 A.2d at 955 (quoting *Labrie v. Pace Membership Warehouse, Inc.,* 678 A.2d 867, 869 (R.I.1996)). To be shielded from liability under the public-safety officer's rule, the alleged tortfeasor must prove:

> "(1) that the tortfeasor injured the police officer or firefighter in the course of his or her employment, (2) that the risk the tortfeasor created was the type of risk that one could reasonably anticipate would arise in the dangerous situation which their employment requires them to encounter, and (3) that the tortfeasor is the individual who created the dangerous situation which brought the police officer or firefighter to the crime scene, accident scene, or fire." *Aetna Casualty & Surety Co. v. Vierra,* 619 A.2d 436, 439 (R.I.1993).

All three elements have been met in this case. The first factor is not in dispute; Rinn was injured while on duty and the collision occurred during the course of his employment. Concerning the second factor, we are satisfied that the incident that caused Rinn's injury was reasonably foreseeable as a matter of law.[2] The public-safety officer's rule does not preclude recovery in every situation; it is limited to "those risks which are known or can reasonably be anticipated to arise in the dangerous situation which their employment requires them to encounter." *Vierra,* 619 A.2d at 438. When an officer pursues someone who is driving erratically, it is foreseeable that a collision with the driver's vehicle could occur. This danger continues during the officer's investigation, a fact that Rinn acknowledged when he was deposed during the course of litigation.

The third factor is also met because Razee, the tortfeasor, was the person who caused Rinn to be at the scene of the traffic stop. As this Court has held, the third prong of the test "was never intended to impose a literal requirement for the alleged tortfeasor to have called the public-safety officers to the scene in order for the rule to apply." *Krajewski v. Bourque,* 782 A.2d 650, 652 (R.I.2001) (quoting *Martellucci v. F.D.I.C.,* 748 A.2d 829, 832 (R.I. 2000)). Instead, it is "meant to assure that some nexus or connection exists between the alleged wrongdoer and the event or emergency that caused the public-safety officer's presence at the location where the officer is injured." *Id.* (quoting *Martellucci,* 748 A.2d at 832). It was the defendant's erratic driving that caused Rinn to undertake a traffic stop and it was during this stop that the collision occurred. As such, there is a sufficient nexus to satisfy the third prong.

In conclusion, because there are no genuine issues of material fact in the case on appeal, we are satisfied that the defendant is entitled to judgment as a matter of law. The judgment of the Superior Court is affirmed. The papers in this case may be remanded to the Superior Court.

---

**2.** There is an exception to the public-safety officer's rule for "intentional wrongdoing," but there is no indication of that in this case. *See Day v. Caslowitz,* 713 A.2d 758, 760 (R.I. 1998); *Kaya v. Partington,* 681 A.2d 256, 260 (R.I.1996).