**Supreme Court**

No. 2013-125-Appeal.
(PC 10-6519)

Kris Ellinwood et al.                    :

            v.                           :

Scott B. Cohen et al.                    :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Kris Ellinwood et al.           :

                v.              :

Scott B. Cohen et al.           :


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

# O P I N I O N

**Justice Indeglia, for the Court.**  In this automobile negligence action, the plaintiffs Kris

Ellinwood (Ellinwood or plaintiff), his wife Erica Ellinwood, and his three children Tyler,

Hayden, and Mason Ellinwood appeal from the Superior Court's grant of summary judgment in

favor of the defendant Scott B. Cohen (defendant or Cohen).[1]  This case came before the

Supreme Court on March 4, 2014, pursuant to an order directing the parties to appear and show

cause why the issues raised in this appeal should not be summarily decided.  After hearing the

parties' arguments and reviewing their written submissions, we are satisfied that cause has not

been shown.  For the reasons set forth in this opinion, we affirm the judgment of the Superior

Court.

---

[1] Ellinwood's wife and three children appeal from the hearing justice's grant of summary judgment on their claims for loss of consortium and loss of companionship.  Since their derivative claims are dependent on Kris Ellinwood's negligence claim, we refer to the lead plaintiff Kris Ellinwood as "plaintiff" for purposes of simplicity.

# I

## Facts and Travel

The pertinent facts in this matter are not contested. On the morning of December 23, 2009, Ellinwood, a patrolman with the East Providence Police Department, was directing traffic on Roger Williams Avenue in East Providence, Rhode Island. Ellinwood was part of a three-person police detail assigned to a tree-cutting project that had commenced at approximately 7:30 that morning. To assist with the tree removal, a large crane was positioned in the northbound lane of Roger Williams Avenue, leaving only the southbound lane open for travel. Ellinwood and a fellow police officer were controlling the flow of traffic to ensure that vehicles coming from both directions could safely navigate around the crane.

Sometime around 8 a.m., the tree-removal work forced Antonio Soares to bring his vehicle to a complete stop in the southbound lane, approximately 120 to 500 feet north of the crane. The defendant, on his way to drop off his son at daycare, was also traveling southward on Roger Williams Avenue at that time. With his vision temporarily impaired by the glare from the morning sun, defendant did not see Mr. Soares' stopped vehicle. The defendant's vehicle collided with the rear of Mr. Soares' vehicle. Although the force of the collision was sufficient to cause the airbag in defendant's vehicle to deploy, no one sustained injuries in the accident.

After exiting his car, defendant noticed Ellinwood further up the road and motioned for Ellinwood to approach. Ellinwood asked if anyone had been injured but did not question defendant about the cause of the accident. The defendant assured Ellinwood that everyone was unharmed. He did not mention the sun glare.

Ellinwood then attempted to collect Mr. Soares' and defendant's insurance and registration information. Since defendant was holding his son in his arms, Ellinwood retrieved

defendant's papers for him by reaching into the front driver's side of defendant's vehicle. With defendant's papers in hand, Ellinwood started to walk around the front of defendant's vehicle towards the passenger's side of Mr. Soares' vehicle. In between the hood of defendant's vehicle and the trunk of Mr. Soares' vehicle, Ellinwood paused to write down some of the information.

At that moment, Andrew Thornley was driving southward, toward the scene of the accident, on Roger Williams Avenue. Due to solar glare, Mr. Thornley did not see defendant's vehicle. Mr. Thornley's vehicle struck the rear of defendant's vehicle, causing Ellinwood to be pinned in between the front of defendant's vehicle and the rear of Mr. Soares' vehicle. Ellinwood's lower legs were essentially crushed. As a result of the accident, he suffered multiple severe fractures in his lower legs, fractured both ankles, and sustained damage to his knees.

Ellinwood commenced a negligence action against Cohen in Providence County Superior Court on November 5, 2010.[2] In his complaint, Ellinwood alleged that defendant negligently failed to warn him of a dangerous condition, to wit, solar glare. Thereafter, Cohen moved for summary judgment. In support of his motion, defendant argued that the so-called "public-safety officer's rule" barred Ellinwood from recovering. According to defendant, the risk of being injured by another vehicle is one that a police officer would typically encounter when responding to the scene of an automobile accident on a public roadway.

The plaintiff objected to defendant's motion. According to Ellinwood, he could not have reasonably anticipated the specific risk posed by the solar glare. Ellinwood asserted that

---

[2] Stanley Tree Service, Inc., National Grid, and Mr. Thornley were also named as defendants in plaintiff's complaint. All of plaintiff's claims against these three defendants were eventually dismissed by agreement of the parties.

defendant's failure to warn him that the sun was blinding drivers in the southbound lane precluded the application of the public-safety officer's rule.

In a decision rendered on March 27, 2012, a Superior Court hearing justice agreed with defendant that the public-safety officer's rule shielded defendant from liability. The hearing justice concluded that "[t]he risk * * * created by * * * Cohen[] was * * * certainly a foreseeable risk that would be encountered by a police officer in these situations." Accordingly, he granted Cohen's motion for summary judgment. An order to that effect entered on March 30, 2012. On February 27, 2013, final judgment entered in defendant's favor.[3] The plaintiff timely appealed to this Court.

## II

## Standard of Review

This Court "review[s] a hearing justice's grant of summary judgment de novo." Sisto v. American Condominium Association, Inc., 68 A.3d 603, 611 (R.I. 2013). We "employ[] the same standards and rules used by the hearing justice." Empire Fire and Marine Insurance Cos. v. Citizens Insurance Co. of America/Hanover Insurance, 43 A.3d 56, 59 (R.I. 2012) (quoting Generation Realty, LLC v. Catanzaro, 21 A.3d 253, 258 (R.I. 2011)). Accordingly, we will affirm the hearing justice's grant of summary judgment if our review of the evidence in the light most favorable to the nonmoving party reveals that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Id. We review questions of law, such as the one presently before this Court, de novo. Gushlaw v. Milner, 42 A.3d 1245, 1251 (R.I. 2012).

---

[3] The hearing justice delayed entering final judgment in Cohen's favor until after plaintiff had dismissed his remaining claims against the other defendants.

- 4 -

**III**

**Discussion**

On appeal, Ellinwood argues that the hearing justice erred in concluding that the public-safety officer's rule barred him from recovering on his negligence claim against Cohen. "[T]he public-safety officer's rule 'bar[s] an injured public–safety official from maintaining a negligence action against a tortfeasor whose alleged malfeasance is responsible for bringing the officer to the scene of a fire, crime, or other emergency where the officer is injured.'"[4] Higgins v. Rhode Island Hospital, 35 A.3d 919, 922-23 (R.I. 2012) (quoting Labrie v. Pace Membership Warehouse, Inc., 678 A.2d 867, 868 (R.I. 1996)). To be shielded from liability under the public-safety officer's rule, the defendant, or alleged tortfeasor, must establish three elements:

> "(1) that the tortfeasor injured the police officer * * * in the course of [the officer's] employment,
>
> "(2) that the risk the tortfeasor created was the type of risk that one could reasonably anticipate would arise in the dangerous situation which [the police officer's] employment requires [him or her] to encounter, and
>
> "(3) that the tortfeasor is the individual who created the dangerous situation which brought the police officer * * * to the * * * accident scene * * *." Id. at 923 (quoting Rinn v. Razee, 912 A.2d 939, 940 (R.I. 2006) (mem.)).

In the instant case, there is no dispute that Ellinwood was injured in the course of performing his duties as a police officer. The parties also agree that Cohen caused the situation which brought Ellinwood to the scene of the accident. Instead, plaintiff essentially asserts that

---

[4] Originally known as the "firefighter's rule" or "fireman's rule," this common law doctrine has more recently been referred to in our case law as the "public-safety officer's rule," see Rinn v. Razee, 912 A.2d 939, 939 n.1 (R.I. 2006) (mem.), and in some jurisdictions as the "professional rescuers" doctrine. See Restatement (Third) Torts § 51 cmt. m (2012). Regardless of its appellation, the rule applies to police officers. See Aetna Casualty & Surety Co. v. Vierra, 619 A.2d 436, 439 (R.I. 1993).

the second element has not been met because the injury in this case was from an unforeseeable risk. He also makes a distinct but similar argument that this case falls within an exception to the public-safety officer's rule because Cohen failed to warn him of an unknown particularized danger. We address each of plaintiff's arguments separately.

## A

### Element of Foreseeability

Ellinwood argues that the hearing justice erred in concluding that the risk which resulted in his injuries was one that a police officer would foreseeably encounter when placed in a situation such as the one in which Ellinwood found himself. Ellinwood asserts that he could not have known or foreseen that Cohen had waved him into a zone of danger. According to Ellinwood, that zone of danger was created by the solar glare.

In making such an argument, plaintiff takes a mistakenly narrow view of the scope of the public-safety officer's rule. He suggested below, and reiterates on appeal, that foreseeable risks when responding to a roadside accident would include slipping on antifreeze from a damaged radiator or injuring himself on a bent fender but do not include the specific accident that resulted in his injuries. Ellinwood is correct that the rule does not require public-safety officers to "assume every possible risk which they may confront in their work." Aetna Casualty & Surety Co. v. Vierra, 619 A.2d 436, 438 (R.I. 1993). On the other hand, the immunity afforded by the rule is not limited to only those risks which arise directly from the negligence that brought the police officer to the scene. As we have explained, one of the rationales for immunizing tortfeasors under the public-safety officer's rule is the doctrine of primary assumption of risk.[5]

---

[5] The other equally, if not more important, rationale for the public-safety officer's rule derives from public policy considerations and "fundamental concepts of justice." Higgins v. Rhode Island Hospital, 35 A.3d 919, 925 (R.I. 2012) (quoting Vierra, 619 A.2d at 438). "[P]olice

- 6 -

Under this doctrine, public-safety officers "are deemed as a matter of law, [to] assume <u>all normal risks inherent in their duties</u> when they accept their positions * * *." <u>Higgins</u>, 35 A.3d at 925 (quoting <u>Day v. Caslowitz</u>, 713 A.2d 758, 760 (R.I. 1998) (emphasis added)). Thus, in Rhode Island, "the [public-safety officer's] rule has not been limited to barring claims based upon the very same alleged negligence * * * that occasioned the officer's presence at the scene." <u>Day</u>, 713 A.2d at 760. Our formulation of the rule requires only that the risk "can reasonably be anticipated to arise in the dangerous situation which [the public-safety officer's] employment requires them to encounter." <u>Rinn</u>, 912 A.2d at 940 (quoting <u>Vierra</u>, 619 A.2d at 438).

In the course of their employment, police officers are frequently called upon to respond to roadside emergencies. Responding to such situations unquestionably places a police officer in a perilous position, irrespective of the presence of solar glare. As cases from this jurisdiction and others have demonstrated, it is all too common for a police officer to be struck by a vehicle while responding to traffic emergencies. <u>See</u>, <u>e.g.</u>, <u>Rinn</u>, 912 A.2d at 939-40; <u>Vierra</u>, 619 A.2d at 436-37; <u>Wietecha v. Peoronard</u>, 510 A.2d 19, 20-21 (N.J. 1986) (Each of two police officers who were hit by two separate vehicles while responding to a five-car accident could not recover from those drivers whose earlier accidents occasioned the respective officers' presence at the scene.); <u>Fordham v. Oldroyd</u>, 131 P.3d 280, 287-88 (Utah Ct. App. 2006) ("professional-rescuer doctrine" barred police officer from recovering from the defendant-motorist whose "prior act of alleged negligence brought [police officer] to the location where he was struck by a third party"). In particular, this Court has previously concluded that a police officer could have reasonably

officers and firefighters are compensated by the public to confront emergency situations * * *." <u>Id.</u> Public-safety officers may receive injured-on-duty benefits and other disability benefits. <u>Id.</u> A citizen-taxpayer who pays for the police department to confront the risks that may arise from his or her own acts of negligence does not expect to pay a second time should a police officer be injured while confronting those risks. <u>Vierra</u>, 619 A.2d at 438. Here, Ellinwood acknowledges that he received injured-on-duty benefits after the accident.

anticipated being struck by another vehicle when she was directing traffic at the scene of an automobile accident.[6] See Vierra, 619 A.2d at 439; see also Rinn, 912 A.2d at 940 (risk of being hit by a vehicle while investigating a traffic infraction is one that a police officer could reasonably anticipate).

Here, Ellinwood responded to an accident that took place on what he conceded was a very busy roadway, especially on weekday mornings. We conclude that, regardless of the potential effects of the sunlight, it was foreseeable as a matter of law that he could be struck and injured by another vehicle while coming to Cohen's assistance. Accordingly, we agree with the hearing justice's conclusion that this case falls within the scope of the public-safety officer's rule.

## B

### Failure to Warn

The plaintiff also argues that the instant case is, or should be, considered an exception to the public-safety officer's rule because defendant failed to warn him of the danger from the sun glare. In support of his argument that Cohen had a duty to warn, Ellinwood cites Mignone v. Fieldcrest Mills, 556 A.2d 35 (R.I. 1989) for the proposition that knowledge of a particularized and unknown danger creates such a duty. He asserts that Cohen's failure to warn him about the sun glare constituted an independent intervening cause of his injuries.

The crux of the public-safety officer's rule is that it substantially limits the legal duty that a citizen-tortfeasor owes to a public-safety officer. Granting the exception that Ellinwood seeks

---

[6] In Vierra, we held that the public-safety officer's rule was inapplicable because the driver of the car that struck the police officer was not the motorist whose antecedent act of negligence had occasioned the officer's presence at the scene. See Vierra, 619 A.2d at 439. In the instant case, there is no dispute that defendant's collision with Soares brought Ellinwood to the scene of the accident.

would significantly expand that limited duty. Our decision in <u>Mignone</u> did not impose a blanket duty to warn of "unknown" dangers. In that case, the plaintiff-firefighter fell down a flight of stairs while responding to a fire at the defendant's home. <u>See</u> <u>Mignone</u>, 556 A.2d at 36. The plaintiff alleged that there was a significant amount of water on the staircase. <u>See</u> <u>id.</u> The lower court relied on the public-safety officer's rule to grant summary judgment in the defendant's favor. <u>Id.</u> In affirming the grant of summary judgment, we described the limited duty of care owed to public-safety officers as follows:

> "[A]s a matter of law, a firefighter assumes all risks of injury that are known or can reasonably be anticipated while discharging his or her duty at the site of a fire. The homeowner has a duty of not knowingly letting a firefighter fall upon a hidden danger, willfully causing a firefighter harm, or otherwise causing the firefighter to be exposed to a risk or hazard that could not reasonably be anticipated to exist at the site of a fire." <u>Id.</u> at 40.

Ellinwood appears to be relying on this language from <u>Mignone</u> about "hidden" dangers in making his argument that Cohen had a duty to warn him of the "unknown" sun glare.[7] Since <u>Mignone</u>, we have in effect limited this language by repeatedly declining to impose liability on defendants for allegedly failing to warn or prevent harm to police officers from hidden perils. In <u>Day</u>, 713 A.2d at 759, the plaintiff-police officer slipped on ice on the defendant's walkway while responding to an alarm at the defendant's home. We held that the public-safety officer's rule was applicable and characterized <u>Day</u> as not a case "in which a property-owning defendant failed to warn the public-safety officer of a hidden peril on the premises known to that defendant." <u>Id.</u> at 762. Only a few years later, in <u>Krajewski v. Bourque</u>, 782 A.2d 650 (R.I.

---

[7] The plaintiff also cites to <u>Labrie v. Pace Membership Warehouse, Inc.</u>, 678 A.2d 867 (R.I. 1996). Our decision in <u>Labrie</u> is inapposite. In that case, we held that the third element of the public-safety officer's rule was not satisfied because the plaintiff was injured while carrying out a scheduled inspection of the defendant's sprinkler and alarm system rather than coming to the defendant's rescue at the scene of an emergency or an accident. <u>See</u> <u>id.</u> at 871.

2001), a plaintiff-police officer slipped on ice on the defendants' driveway. See id. at 651. The police officer argued that the defendants' failure to sand their driveway constituted a subsequent independent tort. Id. at 652-53. We held "that the defendants' failure to remove ice from their driveway did not constitute an independent, subsequent act of negligence outside the scope of the police officer's rule." Id. at 653; see also Martellucci v. FDIC, 748 A.2d 829, 830-32 (R.I. 2000) (landlord's alleged failure to maintain parking lot was not subsequent independent tort that would allow police officer to recover for stepping in a pothole while responding to alarm). Considering our refusal in these cases to find that the respective property owners had a duty to prevent the police officer from falling upon a hidden danger, we cannot contemplate the kind of significant erosion of the public-safety officer's rule that would occur were we to find a duty to warn under the circumstances of the instant case. Here, Cohen was standing on the side of a public roadway, holding his young son in his arms, after just having been in an accident. The plaintiff, acting in his capacity as a police officer, came to Cohen's assistance. We cannot agree with plaintiff that Cohen needed to have the prescience at that moment to warn plaintiff of the possible effects of sunlight or else risk being liable in tort.

Accordingly, we find the application of the public-safety officer's rule in this case to be fully supported by both law and reason. Since we hold that the public-safety officer's rule barred Ellinwood's negligence claim as a matter of law, we conclude that the hearing justice correctly granted the defendant's motions for summary judgment.

## IV

## Conclusion

For the reasons articulated in this opinion, we affirm the judgment of the Superior Court. The record in this case may be returned to that tribunal.

- 10 -



**TITLE OF CASE:**         Kris Ellinwood et al. v. Scott B. Cohen et al.

**CASE NO:**               No. 2013-125-Appeal.
                           (PC 10-6519)

**COURT:**                 Supreme Court

**DATE OPINION FILED:**    March 28, 2014

**JUSTICES:**              Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**            Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**      Providence County Superior Court

**JUDGE FROM LOWER COURT**:

                           Associate Justice Brian Van Couyghen

**ATTORNEYS ON APPEAL:**

                           For Plaintiff:  Sean P. Feeney, Esq.

                           For Defendant:  David W. Zizik, Esq.